Coleman v. Drane.

COLEMAN v. DRANE, *Appellant*.

Division One, June 5, 1893.

1. **Pleading**: AMENDMENT: HARMLESS ERROR. An amendment of a petition cannot be assigned for error where the issues to be tried are in nowise changed by the fact of the amendment.

2. **Ejectment:** STATUTE OF LIMITATIONS. The defense of the statute of limitations is admissible in ejectment, under a general denial.

3. **Evidence:** HARMLESS ERROR. The admission of evidence obviously harmless will be disregarded on appeal.

4. **Practice:** ISSUES OF FACT. Issues of fact to be tried by a jury are in law cases framed by the pleadings, and not by the court, as in equity practice.

5. ——: ——: INSTRUCTIONS. It is proper for the trial court in law cases to point out to the jury the distinct issues of fact raised by the pleadings, and to instruct separately thereon.

6. **State School Lands:** STATUTE OF LIMITATIONS. The statute of limitations did not run in favor of the occupant of state school lands, unless possession was taken prior to the going into effect of the general statutes of 1865, or August 1, 1866.

7. **Instruction:** HARMLESS ERROR. An instruction erroneous, but harmless, will not cause a reversal of the judgment.

8. **Land:** ADVERSE POSSESSION: ADJOINING PROPRIETORS: CLAIM TO TRUE LINE. It is necessary, in order for one of two adjoining proprietors of land to hold adversely to the other to a line beyond the true boundary, that the line to which the former claims should be fixed and permanent, and that the possession should be of a character to distinctly indicate the land claimed.

9. **Practice, Civil:** INSTRUCTIONS. Parties in civil cases must request instructions if they desire them.

10. **Land:** ADJOINING PROPRIETORS: DISPUTED BOUNDARY: LIMITATIONS. Where the line separating two tracts is unknown, and a permanent boundary is agreed upon by the adjoining owners, and possession is taken and held accordingly, neither the parties to the agreement nor their grantees can thereafter dispute such agreed line, though the possession is not continued for the length of time required to create a bar under the statute of limitations.

*Appeal from Mississippi Circuit Court.*—HON. H. C. O'BRYAN, Judge.

AFFIRMED.

*Wilson & Moore,* with *William Carter,* for appellant.

(1) The court erred in permitting the plaintiff to amend his petition on the trial of the case by causing

to be inserted in the record the amendment he desired to be made, over the objections of the defendant, and in that the court refused to require plaintiff to file an amended petition setting out, and in the same, his entire cause of action in one pleading. Revised Statutes, 1889, sec. 2107, p. 553; *Ward v. Davidson*, 89 Mo. 455; *Calahan v. McMahan*, 33 Mo. 110; *Basoye v. Ambrose*, 28 Mo. 39. (2) The court committed error in failing or refusing to rule upon the objections made by defendant to testimony offered by plaintiff and permitting the same to go to the jury without ever passing upon the competency of the same at any time during the progress of the trial, as was done in this case, this being a jury trial. (3) The court committed error in his instructions or charge to the jury in that he directed the jury that there were three specific issues they were called upon to pass on or try in the case. *Major's Heirs v. Rice*, 57 Mo. 384–388. (4) The court erred in its instruction on the matter of the bar of the statute of limitations in that it did not tell the jury the number of years necessary to create the bar.

*J. J. Russell* for respondent.

(1) The supreme court will not reverse a judgment on a mere question of disputed evidence. (2) Where one of two adjoining land-owners only claims to the true line, the statute of limitations does not apply. *Krider v. Milner*, 99 Mo. 145; *Schad v. Sharp*, 95 Mo. 573. (3) The matter of the amendment of the petition was not assigned for error in the motion for a new trial. *Parker v. Straat*, 39 Mo. App. 616; *Turner v. Johnson*, 95 Mo. 451. (4) The instructions given by the court of its own motion properly presented the three issues of the case. It was the duty of appellant to have asked instructions if not satisfied with those

given. *Tetherow v. Railroad*, 98 Mo. 86. Since the statutes of 1865 have been in force, limitations has not run against school lands. Revised Statutes 1889, sec. 6772; Revised Statutes 1865, sec. 7, p. 746. Respondent insists that there was no error in the trial of this case, or, if any, that it was entirely harmless and that the verdict was clearly for the right party, and the judgment should be affirmed. *Noble v. Blount*, 77 Mo. 235; *Deal v. Cooper*, 94 Mo. 62; *Fortune v. Fife*, 105 Mo. 433; Revised Statutes 1889, sec. 2303.

MACFARLANE, J.—This suit is ejectment to recover a strip of land containing about four acres off the north side of the northeast quarter of the northeast quarter of section 33, township 26, range 16, in Mississippi county. Defendant owned and was in possession of the southeast quarter of the southeast quarter of section 28 of said township and range, immediately north of and adjoining the said northeast quarter of the northeast quarter of section 33. There was no dispute that plaintiff had the paper title to said northeast quarter of the northeast quarter of section 33.

Defendant claimed, *first*, that his possession extended to the true line between the tracts; *second*, that he had been in the uninterrupted adverse possession of the land to the line now occupied claiming it as his own, for a time sufficient to bar the action; and, *third*, the line dividing the possession had been agreed upon, adopted and used by their respective grantors and had thus become the division line which plaintiff could not dispute. Upon these issues the case was tried.

To the plea of the statutes of limitation, plaintiff replied that to within ten years next before the commencement of the suit, the title to the land in dispute was held by the state for school purposes, and for that

Coleman v. Drane.

reason the statute did not begin to run until the title passed from the state.

I.   It appears that after the jury was sworn plaintiff was permitted by the court to amend his petition by charging therein that the land in dispute was held by the state for school purposes to a period within ten years next before the commencement of the suit. This action of the court is assigned as error. We do not think this amendment changed, in the least, the issues to be tried. We are not able to see, and plaintiff did not undertake to show, how he could have been prejudiced by the amendment. No evidence was admitted under the amended petition that would not have been admissible under the original pleadings. In actions of ejectment it is not necessary to plead the statute of limitations in order that it may be available as a defense. Such defense can be made under a general denial. *Stocker v. Green*, 94 Mo. 282, and cases cited. It necessarily follows from this rule that testimony in rebuttal of the defense of adverse possession would also be admissible under the common form of a petition in ejectment and a general denial thereto.

II.   Error is assigned to the admission of evidence offered by plaintiff, to which objection was made by defendant. We find, in the abstract of the record only one objection made by defendant, during the introduction of the evidence. On cross-examination of one of defendant's witnesses, while being questioned in reference to certain government witness trees, he was shown a chip, or the bark, from a tree, which showed figures and marks upon it. Counsel for defendant objected to the witness examining this wood, the court made no ruling, and it does not appear that any further notice was given to the matter. It does not appear that these marks and figures were shown to the jury, and how defendant's case could have been preju-

diced by his own witness merely looking at the wood cannot be conceived.

III.   In law cases the issues of fact that should be tried by a jury, unless waived, are formed by the pleadings, and not framed by the court, as may be done in equity cases.   There can be no objection, indeed it may, in some cases, be advisable for the court to point out distinctly to the jury the issues of fact made by the pleadings and instruct them separately on each.   There were three distinct issues formed by the pleadings in this case, and evidence was offered in support of each.   If the instructions were otherwise faultless there was no error in instructing the jury on each of these issues separately.

IV.   The northeast quarter of the northeast quarter of said section 33 was originally held by the state for the use of the public schools.   Plaintiff claimed through a deed from the state to William J. Clark, dated December 11, 1889.   The evidence was undisputed that defendant and his grantors had the strip of land sued for inclosed by fence and in actual use and cultivation for fifteen or twenty years before the commencement of the suit.   It was also in evidence that as early as 1864 the southeast quarter of the southeast quarter of said section 28 was in the actual occupation of the grantors of defendant.   We are able to find no evidence tending to prove that there was any actual possession by defendant's grantors of the land in dispute at that time, though there was slight evidence to the effect that firewood and building timber were taken therefrom in 1864 and 1865.

On this state of facts the court gave the following instruction:   "You are further instructed that if you find from the evidence that on or before the first day of January, 1866, Rhoda Lee or Jack Hagan claiming the lands in the southeast quarter of section 28, town-

ship 26, range 16, and in connection therewith claimed, used and occupied the strip of land in controversy by cutting firewood and building timber therefrom and that the title of defendant to the lands in section 28 is deducible from their intermediate grantees and that subsequent grantees and defendants have claimed as part of section 28 and had exclusive, continuous, open, notorious, hostile and adverse possession of said strip of land, using the same for building timber, wood, and afterwards in cultivation, then you should find for the defendant on his plea of limitation, unless you find from the evidence that said claim, user and possession, was due to mistake as to where the true boundary and division line was."

Previous the revision of 1865, the statutes of limitation applied to lands held for the use of the public schools. *School Directors v. Goerges*, 50 Mo. 195. By that revison it is declared that "nothing contained in any statute of limitation shall extend to any lands given, granted, sequestered or appropriated to any public, pious or charitable use, or to any lands belonging to this state." This statute was held to be prospective, and not to interrupt the operation of the statute in case it had already commenced to run. *Mississippi County v. Vowels*, 101 Mo. 228, and cases cited. The statutes of limitation then did not extend to this land, unless possession was taken prior to going into effect of the Revised Statutes of 1865, which was August 1, 1866.

Now, the error complained of in the instruction is, that it requires the jury to find that in order to make the statutes available, the possession should have been taken on or before the first day of January, 1866, instead of the first day of August of that year. In this the court unquestionably committed error, but we are unable to see that it was such as could have been pre-

judicial to defendant. We have gone over the evidence very carefully, and find nothing in it which tends to prove any act of possession or ownership between January 1st and August 1, 1866, and whether such acts were committed prior to that date, was submitted to the jury under instructions more favorable to defendant than he had the right to demand.

Besides, in order for one of two adjoining proprietors to hold adversely to the other to a line beyond the true boundary separating the two tracts, it is necessary that the line to which he claims should be fixed and permanent and that the possession should be such as to distinctly indicate the line claimed. We do not think that mere occasional trespasses over the true boundary in cutting timber would constitute adverse possession in such case. This conclusion is irresistibly drawn from the decisions of this court on the subject of boundary lines. *Kincaid v. Dormey*, 47 Mo. 337; *Krider v. Milner*, 99 Mo. 147; *Knowlton v. Smith*, 36 Mo. 507, and cases cited in each.

V. No instructions were asked by defendant and he now complains that the court "nowhere told the jury the number of years' adverse holding by defendant and his grantors was necessary to constitute a bar to plaintiff's right of action." A complete answer to this complaint is that in civil cases the court is not required to instruct the jury on all questions of law arising in the case. If parties wish instructions on any particular question, they should request the court to give them. *Tetherow v. Railroad*, 98 Mo. 86; *Railway v. Town Site Co.*, 103 Mo. 468. But as has been seen this was school land and the statute did not apply to it unless possession was taken prior to the taking effect of the Revised Statutes of 1865, and on this question the jury was sufficiently instructed.

VI. If the line separating the two tracts was unknown, and a permanent boundary was agreed upon by the owners and possession was taken and held accordingly, neither the parties to the agreement nor their grantees could thereafter dispute the agreed line, though such possession had not been continued for the length of time required to create a bar under the statutes of limitation. *Major's Heirs v. Rice*, 57 Mo. 388; *Jacobs v. Moseley*, 91 Mo. 457; *Schad v. Sharp*, 95 Mo. 574.

Under this issue we can find nothing to which defendant can reasonably object in the following instruction:

"Before you can find for defendant, on the issue that the survey in the lane now dividing plaintiff's and defendant's field has been agreed upon as the division or boundary line between the southeast quarter of the southeast quarter of section 28 and the northeast quarter of the northeast quarter of section·33, you must be satisfied, from the evidence, that there was a mutual agreement between the owners of the land to that effect. The fact that Forbes, the former owner in section 33, erected the south line of fence along the lane and cultivated the lands on the south side of such lane, will not of themselves alone, be sufficient to prove such consent and agreement. You are further instructed that in determining whether the land which divides the plaintiff's and defendant's property has or has not been agreed upon between the former owners of adjacent property as the division or boundary line, it is proper that you take into consideration the long acquiescence of adjoining owners to such line of division."

Finding no error the judgment is affirmed. All concur.