NELLIE PIERCE, Respondent, v. JACOB MICHEL et al., Appellants.

St. Louis Court of Appeals, January 2, 1895.

1. **Practice, Appellate:** ABSENCE OF EXCEPTION IN TRIAL COURT. The exclusion of evidence at the trial will not be reviewed by this court, when no exception thereto has been saved.

2. **Negligence:** UNCERTAINTY OF CAUSE OF DAMAGE. When expenses for medical services may have been caused either by a personal injury resulting from the negligence of the defendant, or by a pre-existing ailment of the plaintiff, there can not be a recovery therefor in an action for damages for such injury, unless it can be determined from the evidence that the negligence sued for contributed most largely thereto. But held, that the evidence was sufficient in that regard in this cause.

3. ———: INSTRUCTIONS. An instruction in this cause is considered, and held not to have been misleading.

4. **Practice, Trial:** ADDITIONAL INSTRUCTIONS TO JURY. While a trial court may at any time before verdict give additional instructions to the jury in furtherance of justice, it is not bound to give such instructions at the request of the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Rassieur & Schnurmacher* for appellant.

(1) The court erred in its instruction on the measure of damages, in permitting the jury to consider the plaintiff's alleged expense for medical attendance as an element of her damage. There was no evidence in the case warranting such submission. (2) The court erred in giving instruction number 1 for the defendant railway company. While street railway companies have a right of way as against vehicles traveling along and over their rails, they have no superior right as against vehicles crossing their tracks, especially when the cars in sight are standing still. *Riegelman v. Railroad*, 29 N. Y. Supp. 299; *Lynch v. New Rochelle*, 28 N. Y. Supp. 962; *Winters v. Railroad*, 99 Mo. 517; *White v. Railroad*, 34 Mo. App. 57. The instruction was erroneous in advising the jury that "the driver of the vehicle should use reasonable care to avoid collision," thus shifting the entire duty upon him, and ignoring the fact that the railway company was bound to be equally careful. *Kuttner v. Railroad*, 29 Mo. App. 507. (3) The court erred in declining to give to the jury the instruction asked by defendant Michel after their retirement. The jurors were evidently impressed with the testimony that the cars were not moving when the driver of the carriage started across the tracks; and, therefore, desired the court to inform them whether its instruction concerning the superior right of way of the railway company applied under such circumstances. It thereupon became the duty of the court to give them an additional instruction. *Boggess v. Railroad*, 118 Mo. 328; *Wilkinson v. Dock Co.*, 102 Mo. 130; *State v. Miller*, 100 Mo. 606; *State v. Williams*, 69 Mo. 110; *Dowzelot v. Rawlings*, 58 Mo. 75.

*John A. Gilliam* for respondent.

(1) There was no error in the court's instruction as to medical attendance. There was evidence of the doctor and Mrs. Pierce as to her call on him, his examination of her and the charge he makes for a visit to his office. (2) There was no error in giving instruction number 1 for the railway company. It stated the care required of each. *Neier v. Railroad,* 12 Mo. App. 25; *Hickman v. Railroad,* 47 Mo. App. 65, and cases cited therein. (3) There was no error in refusing to give the instruction asked by defendant Michel after the jury retired. The plaintiff and her counsel were both away, and knew nothing of the communication from the jury, nor of the contents of the instruction asked by defendant Michel. Nor was any word sent to her or her counsel. It would have been a very grave infraction of her rights to give such instruction without the knowledge of plaintiff or her counsel. *Chouteau v. Jupiter Iron Works,* 94 Mo. 388, and cases cited; R. S. 1889, sec. 2188; *Buck v. Railroad,* 108 Mo. 179.

BIGGS, J.—The plaintiff sued the defendant Michel, who is a liveryman, and the Peoples' Railway Company for personal injuries received by her while being driven in a carriage belonging to Michel. The injury was caused by a collision between the carriage and a grip car on the street railway. The petition averred negligence both on part of the driver and the gripman. On the trial the jury returned a verdict against Michel alone for $400. The finding was in favor of the railway company. The plaintiff remitted $100 of the recovery, and the court entered judgment for the residue. Michel alone has appealed, and he complains of the refusal of the court to admit competent evidence

offered by him; that the instruction as to the measure of damages is erroneous; that instruction number 1, given on motion of the railway company, erroneously stated the law as to its right to the use of the streets, and also as to the degree of care required of the driver of the carriage, and that the court also committed error in refusing to give to the jury additional instructions after the submission of the case.

The collision occurred while the driver of the carriage was attempting to cross the track of the street railway in front of an approaching grip car. There was evidence tending to prove that, when the driver started to cross the track, another vehicle was unexpectedly driven in front of the carriage, which compelled the driver to check his team. After the driver had stated that he was an experienced driver, the question was asked by appellants' counsel whether or not in his opinion he could have crossed the track in safety, had his team not been intercepted by the other team. The court declined to let the witness answer the question, but the appellant failed to save any exception to the ruling. The assignment will, therefore, be overruled.

The plaintiff's instruction as to the measure of damages authorized the jury to include in their finding any expense paid by plaintiff, or for which she had become obligated, for *medical attendance* on account of the injuries received. The contention is that there was no competent evidence to support a finding as to that item of damage. The plaintiff testified that she called on her physician for the purpose of having her injuries examined. The physician testified that he made a casual examination of a lump on the plaintiff's head, but he does not state that any charge was made, or that plaintiff paid him anything for that. However, he did say that previous to the accident he had been treating the plaintiff for uterine troubles, and that subsequently

she became worse, which made further treatment by
him necessary, and that the probability was that the
aggravation of her disease was caused directly by the
injuries. How often he treated her, or what his
charges were, he does not state. There was evidence
that his regular charge was one dollar for each visit at
the office.

· The question presented is rather a close one, but
we are inclined to the opinion that the circuit court was
justified in giving the instruction. It is a principle
applicable to all actions of tort that the damages which
may be recovered, whether they be general or special,
must be the result of the wrongful act. Another prin-
ciple which enters into this case is that, where the
damage claimed may have resulted from two or more
causes, for the consequences of one of which *only* the
defendant is liable, then there can be no recovery,
unless it can be determined from the evidence that the
cause, for the consequences of which the defendant
must answer, most largely contributed to the damage
claimed or the expense incurred. The disease for
which the plaintiff was treated was undoubtedly the
result of some disturbance of the organs which existed
prior to the accident, but, according to the evidence of
the physician, she was fairly and surely convalescent,
and he gave it as his opinion that the relapse which she
suffered was in all probability produced by the injuries
received or the shock to her nervous system. This, we
think, brings the case within the rule stated, and author-
ized the instruction.

Among other other instructions given at the
request of the People's Railway Company was the
following, of which the appellants complain: "The
The court instructs you that, while all persons and
vehicles have a right to use the public streets, *street
railway companies have the right of way over their tracks,*

and it is the duty of persons driving a vehicle along or across public streets to yield the right of way to such street railways, and *the driver of the vehicle* should use reasonable care to avoid collision. If, therefore, you find from the evidence that after the gripman discovered the danger to said carriage, or, by the exercise of ordinary care, could have discovered such danger, he exercised the care which a skilled and prudent gripman would have exercised under like conditions to prevent said injury, then your verdict must must be in favor of the People's Railway Company; and in determining whether the gripman did exercise such care, you are to take into account all the attending circumstances and judge of his conduct at the time he was confronted with the danger, and not by what may now seem to be the best course to have been pursued."

This was a triangular contest, and the appellant has a right to complain of the instructions of his codefendant in so far only as they imposed on him a greater burden than he ought to assume. One of the objections made to the foregoing instruction is that it ignores the proof that the grip car was standing still when the driver attempted to cross the track. There is no merit in this. At the request of the appellant the jury was fully instructed on this particular theory of the evidence. They were told that, if at the time the driver of the appellants undertook to cross the track of the street railway the grip car was standing still, and so far removed as to make it reasonably safe to attempt to make the crossing, and that after starting across the carriage was intercepted by another vehicle, and that after the vehicle had passed it was more prudent and safer under the circumstances to move onward in front of the then approaching grip car, then there could be no recovery against the appellants.

The instruction states the use to which the streets

of the city were subjected by the construction and operation of the People's Street Railway, and the care which the law imposed on the driver of the carriage to avoid collisions with railway cars. As to these matters only can the appellants complain. It is conceded that, as against vehicles traveling along and over the tracks of street railways, street cars have the right of way, but it is insisted that no such superior right exists as to crossing the tracks when the cars are standing still. This may be conceded. The jury, as we have shown, were fully instructed on that point, and therefore the instruction complained of could not have misled them. The further objection, that the instruction imposed on the driver *alone* the duty of exercising any care to avoid collisions, is equally untenable. Further on, the instruction properly stated the duty of the gripman. We can see no valid objection to the instruction, and will, therefore, overrule the assignment.

After the retirement of the jury, they asked for further instructions. The plaintiff's attorney was not present, and the attorneys for the railway company declined to consent. Thereupon the attorneys for the appellants prepared and submitted to the court additional instructions, which the court declined to give. Of this the appellants complain. It is the established practice that trial courts may at any time before verdict in futherance of justice give additional instructions. But we know of no case where it has been held error for the court to refuse to do so.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.