BRUCE GOODWIN, by Next Friend, FRED B. GOOD-
WIN, Appellant, v. THOMAS C. EUGAS and DORA
EUGAS.

Division One, December 19, 1921.

1. **NEGLIGENCE: Instruction: Ignoring Excessive Speed.** An instruc-
tion which directs a verdict for the defendant unless the driver
of the automobile saw or could have seen the pedestrian in the
street in sufficient time to have warned him or to have stopped the
car and thereby avoided striking him, is erroneous, where there
is evidence that the collision was the direct result of an excessive
and negligent rate of speed; for it ignores such evidence and the
driver's prior negligence.

2. ———: ———: **Child: Ordinary Prudence.** The law does not per-
mit a presumption that a boy eight years old is capable of exer-
cising that prudence which would be expected and exacted of an
adult, and therefore an instruction telling the jury that an eight-
year old boy was guilty of contributory negligence, barring re-
covery, if he could have avoided the injury by such use of his
senses "as an ordinary prudent and careful person would use and
would exercise under such circumstances," is erroneous.

3. ———: ———: **Right to Highway: Automobile.** An instruction
telling the jury that "every operator of an automobile has the
right to assume, and in the management of his car to act on the
assumption, that every person whom he meets, or who crosses or
attempts to pass or cross in front of his machine, will exercise
ordinary care and caution according to the circumstances, and will
not negligently or recklessly expose himself to danger, but will
make an attempt to avoid danger," is erroneous, because in a
general way it conveys to the jury the idea that the law is such
that every other traveler on a highway must at his peril keep out
of the way of an automobile, and that its operator has the right
to act on the assumption that he will do so, whereas other travelers,
including pedestrians, have the same right to the use of the trav-
eled part of a street or highway that operators of motor vehicles
have, and it is incumbent upon each to regulate their conduct by
the observance of ordinary care and caution to avoid receiving in-
jury or inflicting injury on the others.

290 Mo.—43

4. ———: ———: **Assumption of Fact.** An instruction telling the jury that "if you believe from the evidence that the collision and injury were the result of plaintiff's own negligence and carelessness in attempting to cross the street at said place, after he saw the automobile approaching, and that without heeding he attempted to pass in front of the same," etc., is subject to the criticism that it assumes that the plaintiff, after he saw the automobile approaching, heedlessly attempted to pass in front of it.

5. ———: ———: **Misleading: Unmindful of Danger: Ignoring Main Issue.** An instruction for defendant telling the jury that "the driver of an automobile, in the absence of any indication that a pedestrian, who is crossing or is about to cross a public street, is unmindful of the danger attendant upon an attempt to cross in front thereof, has the right to assume and to expect that such pedestrian will stop and will not step in front thereof when to do so will manifestly bring about a collision, and that, if acting upon said assumption the driver does not discover the pedestrian's peril before it is too late, neither the driver nor the owner of the automobile is liable for the collision and the pedestrian's injury," is misleading if it ignores the main issue in the case, namely, the question whether the driver was proceeding at a negligent rate of speed.

6. ———: ———: **Excusing Defendant: Contributory Negligence: Excessive Speed.** An instruction for defendant directed the jury that "if plaintiff, when he started across the street, had seen the defendant's automobile coming toward the place where the injury occurred, and ran into the street chasing a playmate immediately in front of the approaching automobile, that the driver turned his car to prevent striking his said playmate and in doing so unavoidably struck the plaintiff and injured him, and if you so find from the evidence, then your verdict should be for the defendants." The plaintiff was an eight-year old school boy, and school having been dismissed for the noon hour a number of children, among them plaintiff and a little girl, with whom he was playing "tag," passed along the sidewalk and parkway between the sidewalk and curb, on the side of the street next to the school house grounds; as plaintiff ran east after the little girl, and when she was about seventy-five feet from the first cross street, she suddenly turned and ran diagonally across the street, the plaintiff following her at a distance of nine or ten feet, and was struck by defendant's automobile at some point between the curb and five or six feet north of it, the automobile coming from the west at a speed of from 25 to 30 miles an hour. There was evidence that plaintiff had gone into

Goodwin v. Eugas.

the street but a step or two when he stopped and turned back towards the sidewalk and was caught by the automobile suddenly turning in towards the curb, and he himself testified that he was running after the little girl and had taken but one or two steps from the curb when he saw the car coming and got back into the gutter, and that it looked to him like the car was going to hit the little girl, but it struck him instead. *Held*, that the instruction, whether given on the theory that the facts therein hypothecated excused the driver of negligence, or on the theory that such facts fastened contributory negligence upon plaintiff as a matter of law, was error. The first theory is untenable, because there was abundant evidence that the predicament in which the driver of the automobile found himself was the direct result of his own negligence in driving at an unlawful and excessive rate of speed; and the second is equally untenable, because the plaintiff did not compel or cause the little girl to leave the sidewalk and run into the street, and had no reason to even anticipate that she would do so, and whether, even if an adult, he was negligent in not anticipating that the automobile would suddenly turn in towards the gutter to which he had retreated was a question for the jury.

Appeal from Cape Girardeau Court of Common Pleas.— *Hon. John A. Snider,* Judge.

REVERSED AND REMANDED.

*H. E. Alexander* and *Spradling & Burrough* for appellant.

The petition charges a violation of the twelve-mile ordinance, a violation of the six-mile ordinance, a violation of the ordinance requiring operators of motor vehicles to slow down on approaching the intersection of streets and also common-law negligence. There was substantial testimony in support of each of the above charges of negligence. (1) Instruction No. 2, given for respondent, directed the jury to find a verdict for defendant if Floyd Eugas did not see appellant or, after seeing him, he did not have a reasonably sufficient time to warn him of the approach of his automobile, or stop, or both, before striking him, and ignored the other charges of negligence. This was error. Abramowitz v. Railroad, 214

S. W. 120; Ruth v. Railroad, 70 Mo. App. 200; Bank v. Metcalf, 29 Mo. App. 395; Hoffman v. Perry, 23 Mo. App. 30; Stephen v. Railroad, 199 S. W. 274; Pullam v. Vaughan, 218 S. W. 890; Shortridge v. Raiffeisen, 222 S. W. 1033. (2) Instruction 4, given for respondent, is erroneous for the following reasons: (a) It places appellant, a boy eight years of age, on an equality with an adult in exercising reasonable care for his own safety. Brown v. Railroad, 127 Mo. App. 510; Schmidt v. Railroad, 163 Mo. 654; Lange v. Railroad, 208 Mo. 479; Lynch v. Railroad, 112 Mo. 438; Jacobs v. Sporting Goods Co., L. R. A. 1917F, 9. (b) This instruction leaves out of view the duty of the operator of the automobile in the emergency. If appellant saw the automobile before it struck him, or by the exercise of ordinary care might have seen it in time to have avoided the injury, the operator of the automobile, according to this instruction, was under no obligation to try to avert the catastrophe, and was not blameworthy either whether by failing to look he did not see the danger, or seeing it he made no effort to avert it. Hovarka v. Railroad, 191 Mo. 457; Zander v. Railroad, 206 Mo. 464; Murray v. Railroad, 108 Mo. App. 507. (c) The evidence discloses that appellant sustained his injuries at about noon; that school had recessed for lunch; and that there were many children on the street and sidewalk. The testimony of all the witnesses who saw the operator driving the car was that Floyd Eugas was driving the car at an excessive rate of speed. The instruction ignores the last-clear chance doctrine. (3) Instruction 5, given for respondent, does not properly declare the law. (a) It places upon the appellant, a boy eight years of age, the same degree of care and caution that the law requires of an adult. (b) It authorized the jury to find a verdict for the defendant, although the automobile was operated at a greater rate of speed than twelve miles an hour, if appellant's injuries were sustained by his own negligence and carelessness in attempting to cross the street after he saw the automobile approaching. Powers v. Railroad, 202 Mo. 283. (c)

The great weight of evidence in this cause is that respondent was exceeding the speed limit, and the presumption of law is that appellant was exercising due care, and assuming, as he had a right to, that the car was not being run at a rate of speed in excess of that prescribed by ordinance, and that he did not know, or in the exercise of that degree of care and caution that could be expected of a boy of his age and experience, could not have known, that it was so running, he was not guilty of negligence in proceeding to cross the street, using such care and caution. Powers v. Railroad, 202 Mo. 280. (4) Instruction 6, requested by respondent, directs the jury to find a verdict for defendant if the negligence of plaintiff caused, or directly contributed to the injuries of appellant. This instruction ignores the fact that appellant is a boy of eight years and that his tender years would excuse concurring negligence. Holmes v. Railroad, 207 Mo. 164; Quirk v. Railroad, 210 S. W. 103; Malott v. Harvey, 204 S. W. 940. This instruction is also erroneous in requiring the jury to find that the negligence of defendant was the sole cause of appellant's injuries. Wallack v. Railroad, 123 Mo. App. 160; Oates v. Railroad, 168 Mo. 548. (5) The giving of instruction 7, requested by respondent, was prejudicial error. (a) It assumes that appellant started across the street, and saw respondent's automobile coming towards the place where the injury occurred, chasing a playmate in front of the approaching automobile, which was a disputed fact. Rice v. McFarland, 41 Mo. App. 494; Matthews v. Railroad, 26 Mo. App. 82. (b) It also gives undue prominence and comments upon facts proven by respondent, but denied by appellant. (c) It authorized a verdict for defendant on the sole ground mentioned in the instruction, and disregarded and ignored the violation of the ordinances pleaded and proven. (d) It does not require the operator of the automobile to exercise ordinary care and caution, but authorized a verdict for the defendant if appellant started across the street and saw respondent's automobile coming toward the place where the injury

occurred, chasing a playmate, in front of the approaching automobile, although the operator of said automobile could have been driving his car at the rate of fifty miles an hour and might not have been looking in front of him, but looking to the side waved at some companions, as the evidence showed that he was. Powers v. Railroad, 202 Mo. 280.

*Caruthers & Barks* and *Hines & Hines* for respondent.

(1) One of the fundamental rules of the law of negligence is that the person complaining of an injury occasioned by the negligence of another must himself be free from negligence. 28 Cyc. 37, 38; Huddy on Automobiles (5 Ed.) sec. 351; Lewis v. Met. St. Ry. Co., 181 Mo. App. 421; Winter v. Van Blarcom, 258 Mo. 418; Keele v. Railroad, 258 Mo. 62; Priebe v. Crandall, 187 S. W. 605; Campbell v. Transit Co., 121 Mo. App. 412. (2) Plaintiff did not plead the humanitarian doctrine, hence cannot complain of defendant's instruction 2 on that ground. Keele v. Railroad, 258 Mo. 62. No recovery can be had under the humanitarian rule if plaintiff had the last clear chance to step aside and negligently failed to do so when aware of danger. Aronson v. Ricker, 185 Mo. App. 535. (3) A child eight years of age who left a place of safety and started to run across the street in front of an automobile and was struck was held to be guilty of negligence precluding recovery. Huddy on Automobiles (5 Ed.), sec. 479; Moran v. Smith, 114 Me. 55; Hargrave v. Hart, 9 Dom. Law Rep. 521. (4) Reversible error is error materially affecting the merits of the action, in the belief of the appellate court. Secs. 1276, 1513, R. S. 1919; Trainer v. Mining Co., 243 Mo. 371; State v. Douglas, 258 Mo. 291-297. (5) An erroneous instruction is not necessarily a ground for reversal. Hamon v. Transit Co., 102 Mo. App. 216-233; South West Ry. v. Railway, 110 Mo. App. 300. Although the instructions given may not be wholly free from criticism, yet, if

the verdict is manifestly for the right party, judgment will not be reversed. Peterson v. Transit Co., 199 Mo. 321; Morus v. Railway, 184 Mo. App. 106; Sellinger v. Cromer, 208 S. W. 871; Brisco v. Railway, 208 S. W. 885. Nor will an erroneous instruction, where the verdict is for the right party, cause a reversal. State ex rel. v. Stone, 111 Mo. App. 364; Nagle v. Railway, 169 Mo. App. 284; Perry v. Van Matre, 176 Mo. App. 100. (6) Instructions must be taken as a whole. Patterson v. Evans, 254 Mo. 304. (7) The chauffeur is the best witness as to speed. Huddy on Automobiles (5 Ed.), sec. 920; Bowes v. Hopkins, 84 Fed. 769; Livingstone v. Dole, 167 N. W. 641.

RAGLAND, C.—Plaintiff was struck and run over by an automobile owned by defendant, Thomas C. Eugas (hereinafter called the defendant), while it was being driven by his minor son along one of the public thoroughfares of the city of Cape Girardeau. This suit is to recover damages in the sum of $25,000 for the resulting personal injury.

Fountain Street in the city of Cape Girardeau runs north and south; the next street east of it and paralleling it is Lorimier Street; they are intersected by Independence Street, a paved street running east and west. The place where the collision occurred was on the south side of Independence Street, near the curb, and from 75 to 90 feet west of the west line of Lorimier Street. From Fountain Street east to Lorimier along Independence there is a pronounced descent in the grade. The witnesses in speaking of the rise from Lorimier Street west called it a hill.

One of the public schools of the city was located on the south side of Independence Street immediately east of its intersection with Fountain Street. About twelve o'clock noon on December 7, 1915, a number of children, variously estimated at from 25 to 75, who had been dismissed from this school for the dinner period, were going east on Independence Street between Fountain and

Lorimer. Some of them were passing along the side-walk and parkway on the south side of the street, among them, plaintiff, who was then eight years of age. He and a little girl, presumably of about the same age, were playing "tag." She was running east on the sidewalk, and he was running after her trying to touch her. When she was within about seventy-five feet of Lorimier Street she suddenly turned and ran diagonally across Independence Street, the plaintiff following her at a distance of nine or ten feet. He was struck by the automobile at some point between the curb and five or six feet north of it. The machine came from the west, it was being driven by defendant's fourteen-year-old son, Floyd Eugas, who was hauling some milk cans for his father to a railroad station.

According to plaintiff's evidence: The automobile came down the hill at the rate of from 25 to 30 miles an hour; just before it reached the point of the collision the driver turned his head and waved to some one with his left hand; the next instant the car swerved suddenly to the south, and after striking plaintiff skidded 50 or 60 feet. Prior to the collision the car did not slow down and no signal whatever was given of its approach. Some of his witnesses testified that plaintiff had gone out into the street but a step or two when he stopped and started back to the sidewalk, and that he was caught by the automobile suddenly turning in toward the curb. He himself testified that he was running after the little girl and some nine or ten feet from her "when she dodged out into the street right quick;" that he in following her had taken but one or two steps from the curb when he saw the car coming and got back into the gutter; that it looked to him like the car was going to hit the little girl, but it struck him instead.

According to defendant's evidence, the little girl and the plaintiff, following her, suddenly ran from the sidewalk out into the street right in front of the on-coming car; she barely escaped, but he, while still running after her, was struck. The driver testified that

plaintiff "jumped right in front of the car." He also testified as follows:

"Q. Tell the jury whether or not he (plaintiff) was running until he was struck? A. He ran out in the street and saw me coming and he started back and he stopped and I hit him.

"Q. You say he stopped? A. Yes, he started to go back and he didn't have time to go back. . . .

"Q. Did she (the little girl) run in front of your car or not? A. Yes, sir.

"Q. Did you make any effort or not to turn the car to miss her? A. Yes, sir.

"Q. Which way did you turn it? A. I turned it to the right and no more than I turned it until he jumped in front of the car."

There were some trees in the parkway between the side.walk and the traveled part of the street. The evidence tends to show that on account of these trees there was not an unobstructed view of the traveled part of the street west from where plaintiff left the sidewalk and went into the street until the curb was passed. For the same reason, no doubt, the driver of a car coming down the hill from the west on Independence Street would not have had a clear view of a pedestrian starting to cross the street east of him near Lorimier Street until the latter passed the parkway and out into the street.

An ordinance of the city of Cape Girardeau provided that no motor vehicle should be driven over any of the city's highways at a greater rate of speed than twelve miles an hour; it further provided that every person operating such a vehicle, upon approaching pedestrians upon the traveled part of any highway and not upon the sidewalk, and upon approaching an intersecting highway, should slow down and give a timely signal with bell, horn or other device. While there were some general averments in the petition as to the failure of the driver of the machine to exercise the degree of care required of him under the circumstances therein set forth, the violation of the several provisions of the ordinances was essentially the negligence counted upon.

Contributory negligence was the defense pleaded.

The court gave for defendant, among others, the following instructions:

"2.   The court instructs the jury that before plaintiff can recover in this case, the jury must find and believe from the evidence that Floyd Eugas, the driver of the automobile, saw Bruce Goodwin in the street or could have seen him and after seeing him he had a reasonably sufficient time to warn him of the approach of his automobile, or to stop, or both, in order to avoid striking him, and unless the jury so find your verdict will be for the defendant.

"4.   The court instructs the jury that it is the duty of one crossing a city street to make reasonable use of all his senses in order that he may observe impending danger, and a failure to do so is negligence, and by such reasonable use means such as an ordinary prudent and careful person would use and would exercise under the like circumstances, and if the plaintiff in attempting to make the said crossing, either saw the automobile before it struck him, or by the exercise of ordinary care on his part might have seen it in time to have avoided the injury by the reasonable use of his senses, there can be no recovery.

"5.   The court instructs the jury that every operator of an automobile has the right to assume and in the management of his car to act on that assumption, that every person whom he meets, or who crosses or attempts to pass or cross in front of his machine, will exercise ordinary care and caution according to the circumstances and will not negligently or recklessly expose himself to danger, but will make an attempt to avoid danger.

"Although you may believe from the evidence that defendant's minor son was, at the time and place of the injury, running the automobile at a greater rate of speed than twelve miles an hour, yet if you further believe from the evidence that the collision and injury was not the result of said excessive speed, but was the result of plaintiff's own negligence and carelessness in attempt-

ing to cross the street at said place, after he saw the auto approaching, and without heeding attempted to pass in front of the same and was thereby struck and injured, your finding and verdict should be for the defendant.

"6. . . . The driver of an auto, in the absence of any indication that a pedestrian who is. crossing or about to cross a public street in front of such auto is unmindful of the danger attendant upon crossing in front thereof, has the right to assume and to expect that such pedestrian will stop, and will not step in front of the car when doing so will manifestly bring about a collision of the car, and, if acting on said assumption the auto driver does not discover the pedestrian's peril before it is too late, neither the driver nor the owner of the auto is liable for a collision and the subsequent injury.

"7. The jury are instructed that if plaintiff, Bruce Goodwin, when he started across the street had seen the defendant's auto coming toward the place where the injury occurred, and ran into the street chasing a playmate immediately in front of the approaching auto, that the driver turned his car to prevent striking his said playmate and in doing so unavoidably struck the plaintiff and injured him and if you so find from the evidence, then your verdict should be for defendant."

The verdict and judgment were for defendant and plaintiff appeals.

Appellant assigns as error the giving of each of the instructions hereinbefore set out.

I. Instruction No. 2 directed a verdict for defendant unless the driver of the automobile saw, or could have seen, the plaintiff in the street in sufficient time to have warned him, or stopped the car, and thereby avoided striking him. It ignores the question of the driver's prior negligence. There was ample evidence from which the jury could have found that, even though the driver of the car did not have sufficient time in which to have averted a collision after he saw plaintiff, or by the exercise of the proper degree of

*Negligent Speed.*

Goodwin v. Eugas.

care could have seen him, yet, the collision was the direct result of an excessive and negligent rate of speed. The giving of the instruction was error. [Abramowitz v. Railroad, 214 S. W. 119, 120.]

II. By Instruction No. 4 the court told the jury in effect that plaintiff was guilty of contributory negligence, barring a recovery, if he could have avoided the injury by such use of his senses ''as an ordinary prudent and careful person would use and would exercise under like circumstances.'' This was error. The law does not permit a presumption that a boy eight years old is capable of exercising that prudence which would be expected and exacted of an adult. It merely requires of him the exercise of care commensurate with the intelligence, capacity and experience he is shown to possess. [Spillane v. Railroad, 135 Mo. 414.]

Child:
Ordinary
Prudence.

III. There was no evidence in the case that justified the giving of an instruction of the character of the one embodied in the first paragraph of No. 5. Besides, in a general way it no doubt conveyed to the jury the idea that the law is such that every other traveler on a highway must at his peril keep out of the way of an automobile, and that the operators of those vehicles have the right to act on the assumption that he will do so. While on the contrary other travelers, including pedestrians, have the same right to the use of the traveled part of a street or highway as operators of motor vehicles, and it is incumbent upon each to regulate their own use by the observance of ordinary care and caution to avoid receiving injury, or inflicting injury upon the others. Ordinary care upon the part of the driver of an automobile, however, requires him at all times and under all circumstances to anticipate and expect the presence of others on the highway and to keep his machine always under control so as to avoid collision with them. [McKenna v. Lynch, 289 Mo. 16; Lauson v. Fond du Lac, 141 Wis. 57.]

Contributory
Negligence.

The latter part of the instruction is fairly subject to the criticism that it assumes that plaintiff, after he saw the automobile approaching, heedlessly attempted to pass in front of it.

IV.   There was nothing in the evidence that warranted the giving of the quoted part of Instruction No. 6.   Besides, it is misleading, because it ignored the real question in the case, namely, whether the driver was proceeding at a negligent rate of speed.

Misleading.

V.   Upon what theory Instruction No. 7 was given is not clear, whether on the view that the facts hypothecated therein excused defendant's driver of negligence, or whether they fastened contributory negligence as a matter of law upon plaintiff.   It is manifest that the first is untenable, because there was abundant evidence from which the jury could have found that the predicament in which the operator of the car found himself, of having to strike plaintiff in order to avoid running over the little girl, was the direct result of one of the acts of negligence with which he was charged, namely, driving at an unlawful and excessive rate of speed.

With respect to the second possible view suggested by the instruction, it seems to impute fault to plaintiff in having chased his playmate immediately in front of the approaching automobile after he had seen it coming down the street, thereby voluntarily and carelessly putting her in peril, and for that reason, it in effect declares, he cannot complain of any injury which resulted to himself from the situation he so brought about.   But the evidence on which the instruction was apparently based will not bear any such construction.   The plaintiff did not compel or cause the little girl to leave the sidewalk and run into the street; so far as the evidence discloses, he had no reason even to anticipate that she would do so; she chose the direction in which they would run in their play; he merely followed; but he stopped and turned back before he reached the path in which he saw the car com-

ing. Was he negligent in not anticipating that the automobile would suddenly turn in toward the curb where he was standing, or retreating to, the walk? This question should have been submitted to the jury even if plaintiff had been an adult instead of an eight-year-old child.

For errors in the instructions the judgment is reversed and the cause remanded for another trial. *Small, C.,* concurs; *Brown, C.,* absent.

PER CURIAM:—The foregoing opinion of RAGLAND, C., is adopted as the opinion of the court. All of the judges concur.