FRANCES BARR v. NAFZIGER BAKING COMPANY, Appellant.

FRANCES BARR v. REECE H. HORTON, Appellant.—41 S. W. (2d) 559.

Division One, July 28, 1931.

*Holland, Lashly & Donnell* for appellant Nafziger Baking Company.

*Mark D. Eagleton* and *Allen, Moser & Marsalek* for respondent.

426

*Leahy, Saunders & Walther, Harold F. Hecker* and *Lyon Anderson* for appellant Reece H. Horton.

*Mark D. Eagleton* and *Allen, Moser & Marsalek* for respondent.

HYDE, C.—This is an action for damages for personal injuries sustained in a collision between an automobile, in which plaintiff was riding, belonging to Dr. Reece H. Horton and a truck belonging to the Nafziger Baking Company. Plaintiff had, on April 15, 1926, been to a St. Louis University dance at the Chase Hotel. Dr. Horton, then a medical student at St. Louis University, had taken plaintiff and Dr. Blume, then also a medical student, together with Miss Haliburton, to the dance in his automobile. Plaintiff was the guest of Dr. Blume. These four left the Chase Hotel after one A. M. and went in Dr. Horton's automobile to a medical fraternity dance. They left this dance after two A. M. in Dr. Horton's automobile and drove Miss Haliburton to her home. The other three started to drive to plaintiff's home on Vandeventer Avenue. Dr. Horton's automobile was a Chevrolet coupe, he was driving it north on Vandeventer Avenue at the rate of speed, estimated by the various witnesses, at some 20 to 25 miles per hour. Plaintiff was sitting in the middle of the seat and Dr. Blume on the right. As they approached Delmar Boulevard plaintiff, Dr. Horton and Dr. Blume, all say that he brought the car to a complete stop before entering the intersection. They say he looked west, shifted gears and drove into the intersection, and that as he reached the center of it the car was in second gear going about ten miles per hour. At that point all three say that the Baking Company truck struck the left side of the Chevrolet. Plaintiff says that she did not see the truck until it was within five feet of the Chevrolet and that it had no lights and gave no warning signal. Dr. Horton and Dr. Blume did not see the truck until it struck the Chevrolet. Plaintiff testified that after the collision both automobiles were in the northeast corner of the intersection. Plaintiff was thrown out of the car upon the pavement and was seriously injured.

Vandeventer Avenue, at its intersection with Delmar Boulevard, is 63 feet wide from curb to curb. Delmar Boulevard is 57 feet wide. Vandeventer Avenue was practically level on both sides of the intersection. There was a slope about 400 feet long on Delmar Boulevard from the west which descended toward Vandeventer Avenue and another slope ascended toward the east. Delmar Boulevard was a designated boulevard by the ordinances of the city of St. Louis and a complete stop was required before automobiles crossed it. There were two street car tracks in the center of Vandeventer Avenue. Plaintiff and others in the Chevrolet testified that the Chevrolet was to the right of the center of the street in the car track and that the truck, at the time it struck the Chevrolet, was north of the center of Delmar Boulevard, which was the left side of the street.

The driver of the truck testified that he was driving on the right (south) side of Delmar Boulevard about two feet from the curb; that

he was driving from 13 to 15 miles an hour; and that the truck would not run faster than 16 miles an hour. He first saw the Chevrolet when it was 100 feet or more south of Delmar Boulevard. He expected it to make the boulevard stop, and if it had done so, there would have been plenty of time for him to have crossed Vandeventer Avenue before it came into the intersection. At the time he first saw it the front end of his truck was on the west rail of the west street-car track. He said that the Chevrolet did not stop, but came into the intersection without slackening speed; that it was moving 20 to 25 miles an hour; and that the left fender of the Chevrolet hit the right fender of his truck about four feet from the south curb of Delmar Boulevard and just over the east rail of the east street-car track. He said that the distance his truck had moved from the time he first saw the automobile until they came together was about 15 feet, and that during that time the Chevrolet had traveled over 100 feet. On cross-examination he changed the point from which he first saw it. He said that the Chevrolet driver tried to pass the truck and that he could have avoided the truck by swerving to the east. When he saw he was not going to stop for the boulevard he put on his brakes and swerved as much as possible. After the collision, the Chevrolet slid along in front of the truck, but that he had almost stopped before the collision and the truck moved very little after the collision. Another witness for the Baking Company testified that he saw the cars immediately after the collision and that they were in the southeast fourth of the intersection.

The truck driver said that Dr. Horton appeared a little intoxicated. A police officer and a doctor at the hospital to which he was taken both testified that he had the appearance of having been drinking. Dr. Horton, himself, said that he had had some highballs early in the evening. Plaintiff, Dr. Blume and Miss Haliburton all testified that Dr. Horton showed no indication whatever of having been drinking and drove carefully. Dr. Horton was unconscious for some time after the collision. Other facts deemed material will be hereinafter referred to.

Plaintiff sued the Nafziger Baking Company and Dr. Horton. She charged that both were negligent in traveling at an excessive rate of speed, failing to signal, failing to stop, slow down or swerve, failing to exercise due care to discover the other, failing to avoid the collision after discovering the imminent peril of plaintiff or when same, by due care, could have been discovered. She also made other charges of negligence, and said that as a direct result of the negligence she was injured. Dr. Horton's answer was a general denial. The Nafziger Baking Company answered by a general denial and also stated that Horton had, in violation of ordinances of the city of St. Louis, failed to bring his automobile to a full and complete stop at Delmar Boulevard and failed to drive in a careful and

prudent manner. It also charged him with failing to avoid striking the truck when he did or by the exercise of due care could have discovered it in peril. The plaintiff was charged with contributory negligence in failing to warn Horton of these matters when she knew, or by due care could have known, of them. Plaintiff denied this by reply.

Plaintiff had judgment for $15,000 against both the Nafziger Baking Company and Dr. Horton. Each have separately appealed. The appellant Nafziger Baking Company, in its appeal, complains of the action of the trial court in refusing to give two instructions requested by it; in giving one instruction requested by defendant Horton, and in giving the one instruction requested by plaintiff. It also complains that the verdict is excessive.

The first instruction which appellant contends the court erred in refusing to give is Instruction F-1, requested by appellant. This instruction would have withdrawn from the jury the allegations of negligence in plaintiff's petition that the appellant Baking Company "negligently and carelessly failed to stop its said automobile after it struck the automobile with plaintiff therein and negligently permitted it to continue on and to push and drag the said automobile with plaintiff therein." Appellant says that there was no evidence to sustain this charge and that it was therefore error for the court to refuse to give the instruction. We think there was evidence from which the jury would be justified in finding this charge of negligence to be true. The plaintiff testified that the car in which she was riding was struck by the truck near the center of the intersection, and that after the accident, both cars were in the northeast corner of the intersection. She also testified that Dr. Blume was thrown from the car ahead of her all the way across the sidewalk and against the drug store, which occupied the northeast corner of the intersection. The evidence of the truck driver himself was that the Chevrolet slid along in front of his truck. His evidence is not very clear as to exactly what he meant by that statement, or his other statement that the biggest amount of violence was from the time the front ends of the cars came together until his truck got to the middle of the Chevrolet. We think that from all the evidence, the jury might reasonably find that this charge of negligence was true.

The second instruction which appellant contends the court erred in refusing to give at his request, was Instruction H. This instruction reads as follows:

"The court instructs the jury that if you believe and find from the evidence in this case that plaintiff, while riding in an automobile which was then and there approaching the intersection of Delmar

Boulevard and Vandeventer Avenue, knew, or by the exercise of ordinary care would have known, that said automobile was being driven at a rate of speed so as to endanger the life and limb of others and the property of others and not in a careful and prudent manner, as provided by Ordinance No. 32926 of the city of St. Louis, heretofore read in evidence, in time, by the exercise of ordinary care, to have warned and cautioned the driver thereof to drive at a lower rate of speed, but negligently failed to do so. And if you further believe and find from the evidence that plaintiff's failure to so warn the driver of said automobile to drive at a lower rate of speed was negligence on her part and that such negligence, if any you so find, directly caused or contributed to cause the injuries complained of by plaintiff, then and in that case plaintiff is not entitled to recover against the defendant Nafziger Baking Company, and you will find your verdict in favor of said defendant."

The instruction clearly assumes the controverted fact that the automobile in which plaintiff was riding "was being driven at a rate of speed so as to endanger the life and limb of others and the property of others and not in a careful and prudent manner as provided by Ordinance 32926 of the city of St. Louis." It is error for the court to give an instruction which assumes a controverted fact. [Van Natta v. Peoples Street Railway, Electric Light & Power Co., 133 Mo. 13, 34 S. W. 505; Bank v. Crandall, 87 Mo. 208; Wilkerson v. Thompson, 82 Mo. 317; Peck v. Ritchey, 66 Mo. 114; Fullerton v. Fordyce, 121 Mo. 1, 25 S. W. 587; Goodwin v. Eugas, 290 Mo. 673, 236 S. W. 50.] An instruction making a similar assumption was condemned by this court in Schimmelpfenning v. Wells, 24 S. W. (2d) l. c. 160. The trial court was right in refusing to give it.

Appellant also claims that the court erred in giving Instruction 7, at the instance of defendant Reece H. Horton. By this instruction the court instructed the jury that if they found and believed from the evidence that Reece H. Horton stopped his automobile before he entered the intersection and that after stopping his automobile entered the intersection before the automobile of appellant, "then the automobile of defendant Reece H. Horton had the right of way across said intersection over the automobile of defendant Nafziger Baking Company." Appellant does not contend that the rule in regard to the right of way stated by the instruction is incorrect, but says that there was no evidence that the Chevrolet entered the intersection before the truck. There was, however, evidence on the part of the plaintiff that the Chevrolet had entered the intersection in second gear and proceeded at ten miles per hour and had traversed more than half of the intersection before the collision. It was admitted that Vandeventer was a wider street than Delmar. There

was also evidence that the truck was proceeding at a rate of speed as high as fifteen miles per hour. Under these circumstances, the jury would certainly be justified in finding that the Chevrolet entered the intersection first. The court, therefore, committed no error in giving Instruction Number 7.

The only instruction given on behalf of the plaintiff was an instruction upon the measure of damages. Appellant here says that if a petition contains numerous assignments of negligence and the plaintiff only offers an instruction as to one of the assignments he thereby abandons and waives all the other assignments. This court has so held. [Hughes v. Mississippi River & Bonne ,Terre R. R. Co., 309 Mo. 560, 274 S. W. 703; Shumate v. Wells (Mo.), 9 S. W. (2d) 632.] Appellant contends that on the same principle where the petition contains numerous assignments of negligence and the plaintiff asks no instructions as to what findings would entitle plaintiff to recover, but only asks an instruction with reference to injuries and damages, he thereby abandons and waives all the allegations of negligence in the petition. Although the practice is not to be commended, a party is not required to offer instructions, and if no instructions are requested, it is not error for the court to submit an action at law to the jury without instructions. [C. M. & St. P. Ry. Co. v. Randolph Townsite Co., 103 Mo. 451, 15 S. W. 437; Coleman v. Drane, 116 Mo. 387, 22 S. W. 801; Brown v. Printing Co., 213 Mo. 611, 112 S. W. 462; Morgan v. Mulhall, 214 Mo. 451, 114 S. W. 4; Keppler v. Wells, 238 S. W. 425; Sullivan v. St. Louis & San Francisco Ry. Co., 12 S. W. (2d) 735.] In the latter case, this court said, in ruling on the same contention, in 12 S. W. (2d) l. c. 740: "The statute (Sec. 967, R. S. 1929) permits, but does not require, plaintiff to offer such instructions." It also seems here, as in that case, that this question is not before us, since it is not specifically raised in the motion for new trial. We therefore find that no error was committed at the trial as to the appellant Nafziger Baking Company.

Appellant Reece H. Horton in his appeal complains of the overruling of his oral motion to elect between two charges of negligence in plaintiff's petition which he alleges are inconsistent, and of instructions given by the court at the request of defendant Nafziger Baking Company. One of these instructions is Instruction No. 6, which was as follows:

"6. The court instructs the jury that if you believe and find from the evidence in this case that as the automobile in which plaintiff was riding was approaching and entering the intersection of Delmar Boulevard with Vandeventer Avenue plaintiff knew, or by the exer-

cise of ordinary care could have known, that said automobile was not being brought to a full and complete stop, as required by the ordinances of the city of St. Louis, in time, by the exercise of ordinary care, to have warned the driver of the automobile to bring the same to a full and complete stop as required by said ordinances and thus and thereby have avoided a collision at said intersection. And if you further believe and find from the evidence that plaintiff's failure to so warn the driver of the automobile to bring the same to a full and complete stop before entering said Delmar Boulevard, in accordance with said ordinances, was negligence on her part and that such negligence, if any you so find, directly caused or contributed to cause the injuries complained of by plaintiff, then, and in that case, plaintiff is not entitled to recover and you will find your verdict in favor of defendant Nafziger Baking Company.''

Appellant Horton contends that Instruction No. 6 assumes that he did not bring his automobile to a full and complete stop at the intersection of Delmar Boulevard and Vandeventer Avenue. This instruction failed to require the jury to find that appellant Horton did not bring his automobile to a full and complete stop, nor was there any other instruction in the case that did specifically require it. Instruction No. 6 clearly makes this assumption. It has been held in many cases, in addition to those cited in the first part of this opinion, that it is error to assume negligence on the part of a party in an instruction or to assume a material controverted fact. [Reel v. Consolidated Investment Co. (Mo.), 236 S. W. 43; Gott v. Kansas City Rys. Co. (Mo.), 222 S. W. 827; Zini v. Terminal Ry. Assn. (Mo.), 235 S. W. 86; Rice v. Jefferson City Bridge & Transit Co. (Mo.), 216 S. W. 746; Glaser v. Rothschild, 221 Mo. 180, 120 S. W. 1; Boyd v. Kansas City, 291 Mo. 622, 237 S. W. 1001; Althage v. People's Motorbus Co. (Mo.), 8 S. W. (2d) 924; Schimmelpfenning v. Wells (Mo.), 24 S. W. (2d) 154.]

However, respondent contends that even though this instruction was erroneous, appellant Horton cannot complain because the error was in no way brought by respondent; that respondent could not have prevented it; and that respondent cannot be affected by instructions asked or given between co-defendants. It is well settled that a defendant will not be heard to complain of an instruction on the ground that it is too favorable to its co-defendant, or that it prevented a joint verdict against both. [Wiggin v. City of St. Louis, 135 Mo. 558, 37 S. W. 528; Taylor v. Grand Avenue Ry. Co., 137 Mo. 363, 39 S. W. 88; Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52; Clark v. St. Louis & Suburban Ry. Co., 234 Mo. 396, 137 S. W. 583; Brickell v. Fleming (Mo.), 281 S. W. 951; Beal v. Chicago, Burlington & Quincy Ry. Co. (Mo.), 285 S. W. 482; Leighton v. Davis (Mo.), 260 S. W. 986; Maher v. Donk Bros. Coal Co., 323

Mo. 799, 20 S. W. (2d) 888.] This is on the theory that the plaintiff is the only one prejudiced by error which allows one of the defendants to escape its liability to plaintiff. Also as was said in State ex rel. v. Ellison, 260 Mo. 129, l. c. 139: "It is elementary law . . . that an injured party may sue any or all wrongdoers contributing thereto, and insofar as he is concerned it is wholly immaterial what the rights of the wrongdoers are, as between themselves."

However, this court has very recently held that a defendant can complain of instructions given at the request of a co-defendant which affect the question of his liability to plaintiff. [Story v. People's Motorbus Co., 327 Mo. 719, 37 S. W. (2d) 898.] In that case plaintiff sued the owner of the bus in which she was riding and the owner of a truck which it was alleged ran in front of the bus. She claimed that the negligence of the bus owner and the truck owner combined to cause plaintiff's injury. At the request of the defendant truck owner, the court gave two instructions withdrawing from the jury the charge of negligence that the driver of the truck negligently failed to stop the truck before entering in front of the bus and the charge that the driver of the truck negligently failed to keep a look-out. This court held that there was evidence of both of the charges of negligence. It said that the defendant bus owner was entitled to the benefit of this evidence of negligence, which tended to show that it was not negligent or responsible for plaintiff's injuries, and was entitled to have the jury consider it. Consequently, the court held the giving of these two instructions at the request of defendant truck owner affected the defendant bus owner's rights and constituted prejudicial error for which the judgment was reversed. Other cases which have held that a judgment should be reversed because instructions which were offered by one defendant were prejudicial to the rights of another defendant are Pierce v. Michel, 60 Mo. App. 187; Asmus v. United Rys. Co., 152 Mo. App. 521; Collar v. McMullin (W. Va.), 148 S. E. 496. See also Knox v. M. K. & T. Ry. Co., 199 Mo. App. 64, 203 S. W. 225, where error was committed prejudicial to one defendant by the action of another defendant in objecting to admission of its evidence.

Was the erroneous assumption in Instruction No. 6 prejudicial to the rights of appellant Horton? We think it unquestionably was. The most material fact in his defense was whether or not he brought his automobile to a full and complete stop before entering Delmar Boulevard. The plaintiff, herself, on the witness stand, positively said that he did make this stop. She also positively said that his automobile was beyond the center of the intersection when struck, and that the Baking Company's truck was running without lights on the wrong side of the street. In this testimony she was corroborated by the testimony of Horton himself and Dr. Blume. Plaintiff

had also made a statement that Horton was not at fault. The only testimony to the contrary was the testimony of the driver of the truck who said that Horton's automobile ran head-on into the truck when it had almost ceased to move. The location of the damaged parts of Horton's automobile, testified to, is some evidence to the contrary. The truck driver also said that he was on the right side of the street and that appellant Horton's automobile was not stopped but traveled more than 100 feet from the time he first saw it, although going not more than 25 miles per hour, while his truck, going at not more than 15 miles per hour, traveled only fifteen feet. As a matter of mathematical computation, this latter feat is impossible. It has been held that when established physical facts and common observation and experience conflict with the testimony of a witness, his testimony does not amount to substantial evidence of the fact testified to. [Sexton v. Metropolitan St. Ry. Co., 245 Mo. 254, 149 S. W. 21; Kibble v. Q. O. & K. C. Ry. Co., 185 Mo. 603, 227 S. W. 42; Monroe v. Chicago & Alton Railroad Co., 297 Mo. 933, 249 S. W. 644, 257 S. W. 469.]

It will be noted that in this case plaintiff offered only an instruction on the measure of damages, and there were no instructions which informed the jury upon what theory or upon what facts they could find a verdict against either of the defendants. There were also several instructions given at the request of appellant Baking Company which withdrew certain charges of negligence alleged against the Baking Company from the consideration of the jury. Under all these circumstances, and in view of the positive testimony of plaintiff and two others that he did make the stop, we do not think that there can be any doubt that the rights of appellant Horton were greatly prejudiced by the giving of Instruction No. 6, assuming that he did not bring his automobile to a full and complete stop before entering Delmar Boulevard. While it may be conceded that there was evidence upon which the jury would have been warranted in finding a verdict against him, he was, nevertheless, at least entitled to have the jury pass on the question of whether or not he did make the Boulevard stop. Therefore, appellant Horton should be granted a new trial.

Since the case is to be retried, it is not necessary to consider the further assignments of error made by appellant Horton, except to say as to his oral motion to elect on the ground that there were inconsistent allegations in the petition, that he answered to both without raising the question. [Adair v. Kansas City Term. Ry. Co., 282 Mo. 133.]

Since it is necessary to grant a new trial to appellant Horton, the question then arises as to whether or not the judgment against his co-defendant, the Nafziger Baking Company, can stand. The court, in the case of Neal v. Curtis & Company Manufacturing Company

*ante,* page 389, has very carefully considered this question and it will serve no useful purpose to again review all of the authorities so exhaustively reviewed in that case. As pointed out in that case, a judgment against joint tortfeasors is single and cannot be split up between the different parties. There cannot therefore be two judgments for different amounts against the two defendants here for the same tort.

Since, however, we have determined that there was no error in the trial as to the appellant Nafziger Baking Company, and since the error as to the appellant Horton was a result of the action of the Nafziger Baking Company and not of the plaintiff, we think there is no reason why the verdict should not stand in force as to the liability of the Nafziger Baking Company and that there be a new trial upon the question of the liability of Reece H. Horton only. It is necessary, however, that the new trial be on the amount of damages as to the Nafziger Baking Company, as well as to Reece H. Horton. Otherwise, if a jury at the trial should find Reece H. Horton liable and assess damages at a different amount than assessed by the jury at the first trial, there would be two judgments for different amounts against each of two defendants in a single tort action. If this happened both could not stand. There can be but one final judgment. [Sec. 1077, R. S. 1929.] A new trial can be had on the question of damages only (46 C. J. 76, sec. 24; Busse v. White, 287 S. W. 600); as to part of the issues only (Sec. 951, R. S. 1929); or as to part of the parties only (46 C. J. 78, sec. 25; Neal v. Manufacturing Company, supra; Sec. 1077, R. S. 1929).

Since there must be a new trial upon the question of damages as to both defendants, it is not necessary to consider the contention of the Nafziger Baking Company that the present judgment is excessive. It is therefore ordered that the judgment be reversed, but that the verdict as to the liability of the defendant Nafziger Baking Company stand in force, and that the cause be remanded for a new trial on the question of the liability of the defendant Reece H. Horton only, and on the amount of damages as to both defendants. *Ferguson* and *Sturgis, CC.,* concur.

PER CURIAM:—The foregoing opinion by Hyde, C., is adopted as the opinion of the court. All of the judges concur.