FRED GABELMAN v. J. R. BOLT, Appellant.—80 S. W. (2d) 171.

Division Two, March 5, 1935.

*Hackney & Welch* and *Clyde J. Linde* for appellant.

*James R. Sullivan, Arthur R. Wolfe, Mosman, Rogers, Bell & Buzard* and *Clay C. Rogers* for respondent.

WESTHUES, C.—Respondent, plaintiff below, filed suit against appellant, an employee of the Sinclair Oil Company, Frank Bonner and Sinclair Oil Company as defendants, for damages resulting from personal injuries sustained in a collision of automobiles at the intersection of Brush Creek and Rock Hill boulevards in Kansas City, Missouri. No service was obtained on the Sinclair Oil Company and the case as to it was dismissed. At the close of plaintiff's case the trial court sustained a demurrer in favor of Frank Bonner. The trial then proceeded against appellant, J. R. Bolt, as the sole defendant. A jury returned a verdict for plaintiff in the sum of $8888.88. The trial court, as a condition for overruling a motion for new trial, required plaintiff to enter a *remittitur* of $3888.88. Plaintiff complied with this condition and judgment was entered for $5000. An appeal was granted to the Kansas City Court of Appeals. That court, by a majority opinion, reversed and remanded the case for new trial. One of the judges dissented and asked that the case be certified to this court for final determination. The case is, therefore, here on the merits the same as though it had been appealed to this court in the first instance. The ground of dissent, by one of the judges, was not upon the merits of the case. The dissenting judge was of the opinion that the point upon which the majority remanded the case had not been preserved for review. The opinion of the Court of Appeals will be found in 68 S. W. (2d) 909.

As above stated, the occurrence in question took place at the intersection of Brush Creek and Rock Hill boulevards. Brush Creek is an east and west street. Near the intersection stop signals had been placed, which required traffic on this street to stop before entering the intersection. Rock Hill was a north and south street and was a thoroughfare without stop signs. Three cars figured in the accident. The car in which plaintiff was riding was traveling south on Rock Hill and at the time of the accident was at a standstill a short distance north of the north line of Brush Creek near the northwest corner of the intersection. Bonner, one of the defendants, was traveling east in a Ford car on Brush Creek. At the time of the accident he had reached a point east of the center line of Rock Hill where his car came in contact with Bolt's Willys-Knight traveling north on Rock Hill. The collision of the latter two cars occurred within the southeast quarter of the intersection and near the center

line of Brush Creek. The rear fender and bumper of Bolt's car, which was traveling north, came in contact with the front bumper of Bonner's car. Bolt's car then reeled to the northwest and collided with the Essex in which plaintiff and others were seated. The Essex was struck with great force and its occupants injured.

According to plaintiff's evidence, defendant Bonner stopped at the stop sign and then proceeded across the intersection at a rate of speed of from five to eight miles per hour. Plaintiff's witnesses further testified that when Bonner entered the intersection Bolt's car was a distance of at least fifty or sixty feet south of the intersection traveling north at a rate of speed of about forty to fifty miles per hour; that Bolt's car passed in front of Bonner's car just after Bonner's car crossed the center line of Rock Hill Boulevard and that without slacking speed it veered to the northwest and struck the Essex. A more complete statement of the case will be found in the opinion of the Court of Appeals.

The trial court sustained a demurrer to the evidence as to defendant Bonner at the close of plaintiff's case and directed the jury to find a verdict in his favor. The Court of Appeals, by its opinion, held that plaintiff's evidence in chief did not make a case for the jury. In this we think they were correct. Without entering into a discussion of the evidence we quote with approval the concluding part of the Court of Appeals opinion disposing of this question:

"It will be observed that Section 345 of the city ordinance says, 'The right of way shall mean the right to proceed when two or more vehicles *reach such intersection at approximately the same time.*' If Bonner had stopped at the stop sign and *thereafter* was *out in the intersection* when Bolt was still from 80 to 100 to 110 feet south thereof, it would seem that the latter could not proceed on his way asserting his supposed right of way, for the reason that he did not reach the intersection in time to be entitled thereto under the ordinance, and, therefore, *plaintiff's evidence in chief* did *not* show that Bonner was guilty of negligence at that time."

Appellant assigned as error the action of the trial court in directing a verdict for Bonner. Appellant concedes the law to be that ordinarily a defendant in a tort case cannot complain of error committed during the trial in favor of a codefendant. It is contended, however, that under the circumstances in this case appellant was prejudiced by the action of the trial court. Appellant's position is that the trial court did not in fact give the peremptory instruction at the close of plaintiff's case but only informed the jury that such an instruction would be given at the close of all the evidence, and that the instruction was in fact not given until the case was closed. It is also argued that since it was an admitted fact in the case that plaintiff was an innocent victim of the accident and one or the other of the defendants was guilty of negligence the effect

of the court's direction was to tell the jury that Bonner was not the negligent party and that appellant's negligence was the cause of the wreck. The Court of Appeals agreed with appellant that the peremptory instruction was not given until at the close of the case. It is undisputed that the evidence of defendant Bolt made a case for the jury as against Bonner. In substance it consisted of evidence which tended to show that appellant reached the intersection when Bonner was at the stop sign and that Bonner was traveling at a rate of speed of about twenty-five or thirty miles per hour and negligently ran into appellant's car. [See 68 S. W. (2d) 1. c. 914 (2).] Therefore, had the court informed the jury, at the close of all the evidence, that there was no evidence offered against Bonner such action would have been error and under the circumstances of the case the error would have been prejudicial to the codefendant, appellant here, because his main defense was that the negligence of Bonner was the sole cause of plaintiff's injuries. Such a rule of law is based on right and justice and is supported by good authority. [See Story v. People's Motorbus Co. of St. Louis, 327 Mo. 719, 37 S. W. (2d) 898, 1. c. 901 (9, 11); Barr v. Nafziger Baking Co., 328 Mo. 423, 41 S. W. (2d) 559, 1. c. 563, 564 (9).]

We must, therefore, go to the record and determine just what action the trial court took with reference to Bonner's demurrer and when such action was taken. There was some disagreement between counsel as to what the record showed. Respondent filed an additional abstract of the record in this court. Appellant filed a motion to strike this abstract from the files assigning as ground therefor a failure of respondent to comply with our rules. During the oral argument of the case the same controversy arose between counsel for the respective parties with reference to the record and it was agreed between them to transmit to this court the full typewritten bill of exceptions and record as prepared by the court reporter. We will take this typewritten record for our guide and ignore the additional abstract of the record and the motion to strike it from the files.

The bill of exceptions shows that when plaintiff first rested his case the attorney for Bonner offered an instruction in the nature of a directed verdict for his client. After some controversy between the attorneys and the court, out of the hearing of the jury, the attorney for plaintiff asked permission to reopen the case for the purpose of further questioning a certain witness. This permission was granted and thereafter plaintiff finally rested his case. The record then discloses the following:

"THE COURT: Gentlemen, the defendant Bonner has requested an instruction and under the pleadings and the Plaintiff's evidence, that plaintiff is not entitled to recover from the defendant Bonner, and the court has marked that instruction 'Given.'

There is no evidence in this case showing any liability on the part of defendant Bonner, so at the close of this case it will become your duty, regardless of how you decide the issues between the plaintiff in this case and the defendant Bolt, it will become your duty to return a verdict for the defendant Bonner, because there is no evidence whatever showing any liability on his part, and that is regardless entirely of the issues as between the plaintiff and the defendant Bolt. That is immaterial. You will have to determine those under all the evidence.

"MR. LINDE: To all of which of course, the defendant Bolt objects and excepts.

"(To which ruling of the court defendant Bolt by his counsel then and there duly excepted at the time and still excepts.)

"THE COURT: Let the record also show that Plaintiff dismisses as to defendant Sinclair Oil Company, leaving now the sole question for you to decide finally at the end of the case, the issues between the plaintiff and defendant Bolt, which you are to decide after hearing all the evidence and the instructions of the court.

"MR. LINDE: Show our exception. (To which ruling of the court, Defendant Bolt by his counsel then and there duly excepted at the time and still excepts.)"

The instruction read as follows:

"The Court instructs the jury that at the close of the plaintiff's case, according to the law and the evidence your verdict should be for the defendant, Frank Bonner. (Given.)"

Then follows an entry showing that defendant Bolt offered an instruction in the nature of a demurrer to plaintiff's evidence which was refused by the trial court. Thereafter, the following order appears:

"THEREUPON, on said day, viz., Thursday, February 18, 1932, the same being the 33rd day of the regular January, 1932, term of said court the following entry was made and entered by the court:

" 'Now, on this day, come again the same parties, and the same jury, and the trial of this cause is resumed, defendant J. R. Bolt by leave files separate amended answer herein, and at the close of the evidence on behalf of the plaintiff, defendant Bonner offers a demurrer to said evidence, which said demurrer is by the court sustained as to the said defendant Frank Bonner, and plaintiff voluntarily dismisses this suit as to the defendant Sinclair Oil Company, and the trial proceeds as to the defendant J. R. Bolt.' "

The bill of exceptions discloses that defendant Bonner and his attorney took no further part in the trial of the case. At the close of the whole case the court read the peremptory instruction requested by Bonner with the other instructions in the case. It must be kept in mind that this instruction read:

*"At the close of plaintiff's case,* according to the law and the evidence your verdict should be for the defendant Frank Bonner." (Italics ours.)

From the foregoing record it clearly appears that the trial court directed the jury, at the close of plaintiff's case, to return a verdict in Bonner's favor because plaintiff failed to make a case for the jury. This action of the trial court put Bonner out of the case as a defendant. Attorney for Bolt so interpreted the action of the court. The record discloses that when respondent asked to re-open the case, appellant's attorney made objection thereto which in part read as follows:

"MR. LINDE: Well, now, here the plaintiff has announced that it has closed its case.

"MR. SULLIVAN: Why, Mr. Linde—

"MR. LINDE (interrupting): Let me finish my objection. One of the defendants has asked, and as well as I understand it, the demurrer of one of the defendants has been sustained, and that defendant has disappeared and is no longer in the court room."

If the plaintiff failed to make a case against Bonner it was the duty of the trial court to give the instruction asked and permit Bonner to drop out of the case as a defendant. This, irrespective of the fact that his codefendant was less fortunate. If the trial court was correct in so ruling and taking this action how can such a ruling become error by the happening of subsequent events during the trial? The trial court could have then and there directed the jury to return and sign a verdict for Bonner but it was not error to permit the verdict to be returned at the end of the case. Neither did such postponement of returning the verdict leave Bonner in the case as a defendant. Appellant lays much stress upon this and argues that Bonner was in the case until the end of the trial. If he was he had the right to participate in the trial of the case and the trial court had the right to submit the case to the jury and authorize a verdict against him. That that could not have been done, after the court had taken the action indicated by the record above, seems too plain for argument.

Appellant was of course entitled to show, by evidence, that Bonner was the man at fault and that his negligence was the sole cause of plaintiff's injuries. Appellant was also entitled to have the case submitted to the jury by instructions authorizing a verdict in his favor if the jury found from the evidence that Bonner's negligence was the sole cause of the accident. So far as the record discloses the trial court gave appellant a free hand and permitted him to introduce whatever evidence he had tending to exonerate himself and place the blame on Bonner. The court instructed the jury, at appellant's request, that in determining the issues between respondent and appellant they should entirely disregard the action of the court

in directing a verdict for Bonner. The court also fully instructed the jury on the rights of appellant as to having the right of way by reason of the fact that Bonner was required, because of the stop sign, to bring his car to a standstill before entering the intersection. Again the court instructed the jury that if they found and believed Bonner was negligent and that such negligence was the sole cause of the accident then they should return a verdict for appellant, "notwithstanding the instruction of the court, that your verdict shall be in favor of said Bonner." The court also, by its instructions, required the jury to find that appellant was negligent and that such negligence contributed to, or was the cause of, plaintiff's injury before the jury were authorized to find against him.

The oral statement, made to the jury by the trial court at the close of plaintiff's case, was nothing more than a statement of the substance of the instruction and a direction that the verdict authorized by that instruction should be returned by the jury when the case was closed. This statement together with a statement of the reason why the court was taking this action was not prejudicial to the rights of Bolt. [64 C. J., p. 94, sec. 96; Goyette v. St. Louis-San Francisco Ry. Co. (Mo.), 37 S. W. (2d) 552, l. c. 555 (3).]

The trial court in its rulings on the admission of evidence and by its instructions fully protected appellant and we, therefore, rule the assignment of error against appellant.

Respondent's argument to the jury was made the basis of an assignment of error. The part complained of reads as follows:

"As I say, now, Mr. Linde is trying to hide behind the fact that possibly Mr. Bonner was at fault in some way and for that reason his client should go Scot-free in this case, but the court heard the evidence that was put in here in this case and has told you gentlemen, and tells you in these instructions that Mr. Bonner, who was driving that Ford eastwardly across there, was not at fault, and that he should be let out of this lawsuit. That is the court's ruling on that, and he leaves it up to you to pass on the fact as to whether or not this other man was negligent. Now, somebody was negligent, or Mr. Gabelman would not have been injured. The court tells you that the east bound car driven by Bonner was not negligent. Therefore, this man is the negligent driver in this case. That is the court's ruling here. We have done all we could. We sued them both. We put in all the evidence we could. We did not let Bonner out of this case. But the court has ruled on the evidence and said that Bonner was not at fault. . . ."

No objection was made or exceptions saved to the above argument. Appellant takes the position that he had no right to object to that argument because it was in harmony with the instructions of the court. The Court of Appeals, as we learned from the opinion, took a like view. It is stated in the opinion that the argument was con-

sistent with the court's instructions. To this we cannot agree. The argument in our opinion was contrary to the instructions of the court, unwarranted and highly improper. It was subject to objection and had an objection been made thereto and overruled by the trial court prejudicial error would have resulted. The trial court did not rule that Bolt's evidence was not sufficient to convict Bonner, of negligence. On the contrary the trial court by instructions in plain and unmistakable language submitted the case to the jury on the theory that they could find for Bolt on his evidence that Bonner was the negligent party and responsible for plaintiff's injuries. The court did rule, at the close of *plaintiff's* case, that *plaintiff's* evidence failed to convict Bonner of negligence, but that did not authorize respondent's counsel to argue that under all the evidence the court had exonerated Bonner from blame. Since appellant did not object to the argument when it was made he waived whatever right he had and the question was not preserved for our review.

Appellant's brief contains the following assignment of error: "The court erred in ruling and in stating to the jury that plaintiff's deposition and transcript of witness Peterson's testimony on the trial in a companion case should not be considered in any way by the jury as against defendant **Bonner.**"

The bill of exceptions shows that Bonner was not notified of the taking of the deposition. This was the reason assigned by the court in ruling that the evidence should not be considered as against Bonner. Peterson's testimony on the trial of another case was offered during the cross-examination for the purpose of impeachment. Objection was made, by attorney for Bonner, that the case in which the impeaching evidence was given had been dismissed against Bonner. The court ruled that such evidence should not be considered against Bonner. We have searched the motion for new trial and failed to find wherein either of the two points were mentioned, hence, they are not here for review. We have taken the trouble, however, to read the evidence offered from the transcript of plaintiff and also that given by witness Peterson in another lawsuit. The particles of evidence read from plaintiff's deposition were offered during cross-examination to impeach him on the theory that he had testified to a different state of facts in the deposition from that on the trial of the case. The evidence of Peterson given at another trial was offered to impeach Peterson as a witness. A comparison of the alleged impeaching evidence with that given at the trial by the two witnesses does not disclose any material variance. Had the points been preserved for our review the error of the trial court would have to have been declared harmless. We say error because a party to a lawsuit is always entitled to impeach a witness of his adversary by showing that such witness made statements or testified to a state of facts inconsistent with the evidence given at the trial

of the case. To do this the adversary need not have been a party to the case wherein the witness made the contradictory statement. [40 Cyc. 2687 (d) ; Jones on Evidence (3 Ed.), secs. 845 and 847.]

■ Respondent was asked, while on the witness stand, if he had been requested, by attorney for appellant, to go to Dr. Harold P. Kuhn for the purpose of being examined as to the extent of his injuries. Respondent answered that he had been so requested and had been examined by Dr. Kuhn. Dr. Kuhn was not called as a witness by appellant and this fact was made the subject of comment by attorney for respondent during his argument to the jury. The objection made by appellant to this argument was overruled by the court. This ruling was assigned as error. The extent of respondent's injuries was an issue in the case. Appellant has made the point here that the verdict was excessive. If Dr. Kuhn had found, through an examination of respondent, that his injuries were not as serious as respondent's evidence tended to prove, it can be reasonably presumed that Dr. Kuhn would have been called as a witness. Commenting on the failure of an adversary to call a witness who possesses knowledge of facts material to the issue was held proper by this court en banc in Bobos v. Krey Packing Co., 323 Mo. 224, 19 S. W. (2d) 630, l. c. 634 (6). [See, also, Shields v. American Car & Foundry Co. (Mo. App.), 293 S. W. 77, l. c. 78 (1, 2).]

■ We do not deem it necessary to go into detail on the question of excessiveness of the judgment. A jury awarded respondent $8888.88. The trial court, after requiring plaintiff to enter a *remittitur*, gave respondent judgment for $5000. The evidence of Dr. Lapp, who attended respondent, shows that respondent's ribs were fractured in such a way that his back was seriously injured. Respondent was in bed for about three weeks and under a doctor's care for nearly two years. During all of this time and up to the time of the trial respondent suffered pain in his side and back where the ribs were torn loose. Respondent, on account of constant pain, suffered the loss of sleep, and will, under the evidence, continue to do so. His back was not normal at the time of the trial. In view of our ruling in the cases of Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S. W. (2d) 654, and Carpenter v. Wabash Ry. Co., 335 Mo. 130, 71 S. W. (2d) 1071, the judgment of $5000 in this case cannot be said to be excessive.

The judgment is affirmed. *Cooley* and *Fitzsimmons*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.