DERRELL SUDDUTH, PRO AMI, RESPONDENT, v. KANSAS CITY GAS CO., A CORPORATION, APPELLANT.—123 S. W. (2d) 589.

Kansas City Court of Appeals. October 3, 1938.

*Charles H. Mayer* and *Charles M. Miller* for appellant.

*Cowgill & Popham, L. W. Littrick* and *Guy Green, Jr.,* for respondent.

530

SHAIN, P. J.—In this action Derrell Sudduth, a minor, sues by his next friend for damages for personal injuries, alleged to have been received by him by reason of alleged negligence of the defendant in its work of excavating a trench in which gas mains were being laid in

East 16th Street which is a public thoroughfare in Kansas City, Jackson County, Missouri.

The plaintiff pleads the ordinance of Kansas City, Missouri, providing for safeguards for such construction as was being made.

The excavation, two feet in width and from three to four feet deep, located eight feet south of the north curb of 16th Street and concrete pavement from eight to twelve inches had to be removed and the material taken out of pavement and same was laid on the south side of the trench and the dirt on the north side. The street at the place where excavation was being made was approximately twenty-six feet from curb to curb. Owing to conditions existing, both east and west traffic on the street was confined to that portion left open for travel on the south side of said street. The injury to the plaintiff was caused by his being struck by an automobile traveling west on that portion of the south side of the street that was left open for travel.

Plaintiff's petition alleges as follows:

"That defendant negligently and unlawfully failed to so place said dirt and material where it would cause the least possible inconvenience to the public or to so place lights or barricades as aforesaid, when same would have warned motorists of the unusual conditions thereat herein described and would have moderated their speed and prevented plaintiff from being struck, as herein set out, by a car proceeding at a dangerous speed, but negligently maintained the obstructions herein described in darkness and without barricades, and unlawfully and negligently failed to comply with the ordinances passed by the Council of Kansas City and the rules and regulations Public Works or to take all reasonable precautions to prevent accidents or injuries to persons or property; and in this connection plaintiff alleges that a careful search of the records of said City has been made and no record of a permit can be found authorizing defendant to do said excavating, and therefore he states that in doing said work defendant obtained a permit and assumed all the obligations pertaining to a permit and as aforesaid, or entered upon said public street and excavated and obstructed same as herein set out as a trespasser and without any lawful right whatever so to do, and that one of said alternatives is true and plaintiff does not known which, but he believes and therefore alleges that defendant was a trespasser and acted wholly without authority of law.

"As further grounds of negligence plaintiff alleges that said street at said time and place was in a thickly populated residential community with many small homes on each side thereof, populated by a great many small children of all ages, and that many automobiles traveled thereon in both directions, at all hours, and that many small children were frequently and almost constantly crossing to and from over said street at said point, and that the lawful and accustomed place for automobiles to travel west on said street was on the north of the center thereof, and that it was highly unusual and extra-hazardous and unusually

dangerous to such children for west bound automobiles to pass along the south side thereof and more especially if extra precautions were not taken in the unusual situation hereon described, all of which facts defendant at all times well knew, but notwithstanding defendant unlawfully and negligently caused said street to be excavated thereat and great quantities of dirt and debris to be deposited and left thereon, several feet high and higher than the head of this infant plaintiff, covering and obstructing almost the whole of the vehible-way of said street, and leaving unobstructed and open only a space of about six (6) feet on the extreme south side thereof, and thereby unlawfully and negligently diverting and turning all west bound vehicular traffic thereon to the extreme left and on the south and and left·and wrong side thereof, greatly and additionally increasing the hazard and danger to said children crossing said street from the west bound automobiles so traveling said unusual course; that the exercise of due care on the part of defendant required it to place lights and warnings and barricades and to flag and direct west bound automobiles at said place and to light said place and warn children of said diverted traffic and dangers, and to warn motorists and said children of said unusual hazards and conditions, and to cause the speed of such automobiles to be slackened and moderated, and kept under control, all of which defendant negligently failed to do, but with further negligence left an opening or pathway several feet wide, north and south between said obstruction, causing and allowing small children to pass through same in great numbers where they were so concealed and obstructed from passing motorists and left same in darkness, and in all· the respects herein set forth unlawfully and negligently created and allowed and exposed said children and plaintiff to said extra-hazardous and unusual dangers, and so left said street open for public use without taking any steps to close same and without taking any of said precautions for the safety of children using the same, and negligently allowed said autoist to drive into and along said place undirected, unwarned, and at a dangerous and unreduced speed, and he alleges that he was so struck and injured by said automobile as a direct result of the aforesaid unlawful and negligent acts and omissions of defendant, acting severally and concurrently, and he was thereby injured and damaged as follows:

''His head, back, limbs, and the bones of all parts thereof were bruised, fractured and impaired, he suffered concussion of the brain and unconsciousness, his ears and face were lacerated, his ear drums were ruptured, his left arm and shoulder were broken, his hips and sacral bones were injured and malaligned, from all of which he has suffered and will suffer great physical pain and mental anguish, nervousness, sleeplessness, incoordination, impairment of all his nerves including those of sight and hearing and his bowels and urinary organs and the nerves thereof, his power to labor and earn money has been

permanently impaired, and he has been damaged as a whole by the negligence of defendant aforesaid in the sum of $30,000.00.''

The defendant joined issue by general denial and plea of contributory negligence.

Trial was by jury resulting in a verdict for plaintiff in the sum of $4850. Judgment was entered in accordance with the verdict of the jury and from this judgment the defendant has appealed.

Assignments of errors, as presented under points and authorities, are as follows:

1. ''Plaintiff was not entitled to recover or have judgment against defendant under the pleadings and evidence, for two reasons: First, plaintiff proved no actionable negligence against defendant, and there was no duty on the part of defendant to protect plaintiff against being struck by an automobile of a third party, and second, the negligence of plaintiff, in attempting to cross the street where he did, in the middle of the block, and colliding with the automobile of a third party, barred any recovery by him.

2. ''Plaintiff's Instruction No. 1, which predicated recovery by plaintiff, was improper and erroneous for five reasons: first, no duty of defendant to maintain a watchman or flagman; second, if there was such duty, the question was one for the jury and not of law for the court; third, the instruction improperly assumed and referred to certain alleged features which were prejudicial to defendant, in that the instruction improperly set forth and contained reference to the tunnel under Hase's private driveway, and whether or not there was any north or south opening across 16th Street, along the trench, the alleged appropriation of the street by defendant, the using of the south side of the street for west-bound vehicles, the piling of earth south of the trench, and maintaining the same unlighted, the alleged use of the same by pedestrians and the public in great numbers, daily and nightly, together with other references of improper matters, all of which should not have been submitted or referred to before the jury; the instruction also improperly submitted alleged negligent appropriation and obstruction of the street when defendant was properly in the street making repairs in the nature of a public improvement; fourth, the instruction was long, involved, verbose and misleading and confusing to the jury, and fifth, broader than the petition and not within the allegations of the petition, in making it the duty of the watchman 'to direct and control west-bound traffic or warn persons crossing southwardly along said opening, of approaching traffic.'

3. ''Plaintiff's given Instruction No. 4 on the burden of proof of contributory negligence, was erroneous and prejudicial, for the reason that it required too high a degree of proof and unduly stressed and repeated, for the purpose of confusing the jury and getting a response from the jury, favorable to plaintiff.

4. ''Defendant's refused Instruction 'H,' withdrawing from

the jury as an element of negligence against defendant the alleged duty of defendant to have lights or a guard for the purpose of making it safe for plaintiff to cross the street in the middle of the block, should have been given, for the reason defendant owed no such duty to plaintiff.

5. "Defendant's refused Instruction 'J,' relating to plaintiff crossing the street in the middle of the block, after dark, under the conditions asserted by plaintiff while the street was in a state of repair, undergoing a public improvement, and declaring his duty, should have been given, for the reason the instruction properly declared the law applicable to this case."

## OPINION.

We will continue to refer to respondent as plaintiff and to appellant as defendant.

We are at the outset confronted by motion to dismiss the appeal for the assigned reason of failure to comply with our Rule 16, requiring appellant to file a clear and concise statement.

Appellate courts are often confronted with such motions and such motions are often perplexing in that dismissal on grounds stated may result in an injustice to litigants and thereby defeat the salutary purposes of appeal.

The appellant's statement in the instant case is faulty in that appellant in support of its contention as to demurrer attempts to uphold same by a review of the testimony of its own witnesses, statement of matters excluded, and by review of portions of plaintiff's testimony most favorable to defendant. However, from the statement as a whole we are able to glean the issues involved and feel that justice will best served by not penalizing the litigant for the reason that his counsel has indulged in that not infrequent practice of trying to uphold a contention of demurrer by argumentative presentation of the testimony of the losing party and by ignoring the evidence most favorable to the winning party.

While we conclude to and do overrule the motion to dismiss, we indulge in the hope that nothing we have said will foster the hope that there is no limitation in such matters. The rules of court have a definite purpose of helping the court to a correct solution of the points presented and a more careful study of these rules and a more systematic following of same by counsel will be of material aid to both court and litigant.

In our consideration of defendant's point one, we have in mind that excavations for public work are, by the ordinances of Kansas City, Missouri, made by permits based upon ordinances wherein is provided means of safety and convenience of the public.

Under the evidence in the case at bar, the evidence as to permit is not clear as no documentary evidence of permit is shown. The evidence

discloses that by reason of obstructions that the south part of the street that was not obstructed was being used for both east and west traffic. It is also shown that an open driveway was left from the sidewalk into the street and that according to the evidence this open driveway was being frequently used both day and night by children and adults in crossing the street.

The defendant as to its point one, cites Hanna v. Helm et al., 281 S. W. 103. As we conclude, that the evidence does not justify a ruling that the plaintiff was guilty of contributory negligence as a matter of law, the case is not in point under the evidence in this case.

Stanley v. Union Depot, 21 S. W. 832, cited, is not in point herein for the reason that in that case there was neither usual travel or invitation for travel across the street at the place where the injury occurred.

Hall v. City of Greensburg, 43 S. W. (2d) 660, cited, is not in point in that the obstruction of sand bin in the street, was not the proximate cause of the injury complained of for the reason that the boy had left the bin and was injured by being struck by an automobile in crossing the street.

Regardless of the fact that the plaintiff herein was injured by the independent act of a third party, we conclude that under the evidence in the case at bar, there is presented an issue of fact as to defendant's liability to protect the plaintiff in the use of the driveway being used by the public in crossing the street and as to whether or not defendant was negligent in that respect. McWharter v. Dahl Chevrolet Co., 88 S. W. (2d) 240, we conclude there was no error in the trial court's refusal to grant the demurrer.

Defendant in support of its point two, cites, Homan v. Mo. Pac., 334 Mo. 61; Toeneboehn v. R. R., 317 Mo. 1096; Stid v. R. R., 236 Mo. 382, and McGrory v. Thurman, 84 S. W. (2d) 147.

Defendant's first objection to Instruction No. 1, is as to the question of necessity of watchman.

We know of no general rule wherein it can be determined as a matter of law that the failure to place a watchman is negligence *per se*. However, in view of the opinions in Homer v. Mo. Pac., and Toeneboehn v. Railroad, cited by the defendant, we conclude, in consideration of the evidence in the case at bar, that the question of whether or not the failure to have a watchman at the place where plaintiff was injured was negligence or not, presents a question of fact for the jury. From a reading of the instruction we conclude that the matter was submitted to the jury as an issue of fact.

Complaint is made concerning mention of tunnel under the passage way and also as to reference to north and south passageways across the street, also as to the reference to only south side of street being open to travel. The piling of earth and leaving same unlighted and the usage by night and day. While some of the matter complained of may not

be necessary to the determination of the issue, still the fact of inclusion placed an extra burden on plaintiff and we conclude same is not prejudicial to defendant.

Complaint is made that the instruction is in error in submitting to the jury the alleged negligent appropriation and obstruction when the defendant was properly in the street making repairs in the nature of public improvement. Under the allegations of plaintiff's petition complaint is directed at wrongful obstruction by reason of negligent manner creating a dangerous and unsafe condition. Regardless as to whether or not defendant was properly in the street making repairs in nature of public work, the duty to so do the work as to render the street reasonably safe, in view of the fact that the street was being used by the public, we conclude rested upon the defendant. The fact that the defendant was using the street, not for repair, but for its own private purpose certainly placed a duty upon defendant to so do its work as to leave the street reasonably safe for such public use as was being permitted.

Complaint is made that instruction one transcends the allegations of the petition, is verbose and misleading. The defendant on this point cites Stid v. Railroad, *supra*. We have carefully read the instruction in the above cited case and have carefully studied the opinion as to same. The instruction in the Stid case contained long recitations of pleaded facts, some of which there was no evidence whatever in support thereof. While Instruction No. 1 herein complained of might be more verbose than actually necessary, still we conclude that the instruction requires no finding of fact unsupported by evidence and within the pleadings. We therefore conclude that said instruction does not contain reversible error. [Givens v. Spalding Cloak Co., 68 S. W. (2d) l. c. 828, par. 9.]

Under defendant's point 3 complaint is made as to plaintiff's Instruction No. 4 on the alleged ground that same required too high a degree of proof and unduly stressed and repeated as to matters.

The instruction places the full burden upon defendant to prove the affirmative defense of contributory negligence.

The instruction contains some unnecessary repetition. However, we conclude that the instruction correctly declares the law as to contributory negligence and the mere stressing by repetition we conclude does not constitute reversible error. [Hulsey v. Tower Grove Quarry & Construction Co., 326 Mo. 194, 30 S. W. 1018.]

In defendant's point four, complaint is made that court erred in refusing defendant's Instruction "H." The instruction is a withdrawal instruction asking that the element of negligence by reason of failure to place light to guard at the place of the accident. We conclude as to question of whether the place in question was of such character as to require protection by lights presents an issue of fact for the

jury and therefore conclude that the refusal of Instruction "H" was not error.

Defendant's point 5 is as to refusal of its Instruction "J." The instruction is faulty in that it presents an abstract statement of law and when taken as a whole, leaves out of consideration issues of fact made by the evidence and is peremptory in character.

Both plaintiff and defendant cite Stanley v. The Union Depot Ry. Co. et al., 114 Mo. 606. The above case involved an accident wherein a child was run over and killed by a horse drawn street car. The City of St. Louis, Missouri, had passed an ordinance for the construction of a sewer along 12th Street and under contract with the city a construction company had dug a ditch and piled paving along the side of the street and at a point left a passage way into the street and bridged over the excavation. The defendant Railway Company operated street cars over the street and the child was killed by running through the opening and into the street in front of a horse-drawn street car. The Railway Company, the Construction Company, and the City were all made defendants.

The trial in above case resulted in favor of defendants Railway Company and Construction Company, but against the City. The verdict for the Railway Company, was affirmed upon the ground that case as to them had been properly submitted.

In the Stanley case the allegations of negligence went directly to the fact of the public improvement and there were no allegations of negligence as to leaving the place in an unguarded condition, or without signals. In the opinion, l. c. 622, it is said: "Of course for negligence in leaving the same in an unguarded condition, or without signals, the City and Contractor would be liable. But, while it was alleged that the wall was negligently built, and the bridge negligently constructed, it is not pretended that any *defect in the construction of either* caused the "injury." (Italics ours.)

It will be noted further in the Stanley case that the connection between the cause and effect was not established, and concerning same the opinion states: "It seems to us that, *under the allegations of the petition and the evidence in the case,* either the acts of the street Railway Company or the little boy, were the proximate cause or direct cause of the injury and that of the construction company, if at all, at most a remote cause." (Italics ours.)

Based upon the above grounds, the judgment for plaintiff was reversed.

In the case at bar, negligence is not predicated upon allegations of unlawful or negligent use of the street but upon failure of defendant using same to place dirt from excavation properly, for failure of lights, and for failure of barriers or watchman for protection, which clearly distinguishes case at bar from the Stanley case, *supra,*

From an examination of the records and briefs in the case at bar, we conclude that there is not found prejudicial error that justifies a reversal. Judgment affirmed. All concur.