STATE OF MISSOURI at the relation of the KANSAS CITY GAS COMPANY, a Corporation, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND and WILLIAM E. KEMP, as Judges of the Kansas City Court of Appeals.—132 S. W. (2d) 1015.

Division One, November 3, 1939.

*Charles H. Mayer* and *Charles M. Miller* for relator.

*Cowgill & Popham, Guy W. Green, Jr.,* and *L. W. Littick* for respondents.

GANTT, J.—Certiorari to determine whether the opinion of the Kansas City Court of Appeals in Sudduth v. Kansas City Gas Company, 123 S. W. (2d) 589, conflicts with controlling decisions of this court. The opinion states the facts as follows:

"In this action Derrell Sudduth, a minor, sues by his next friend for damages for personal injuries, alleged to have been received by him by reason of alleged negligence of the defendant in its work of excavating a trench in which gas mains were being laid in East 16th Street which is a public thoroughfare in Kansas City, Jackson County, Missouri.

"The plaintiff pleads the ordinance of Kansas City, Missouri, providing for safeguards for such construction as was being made.

"The excavation, two feet in width and from 3 to 4 feet deep, located 8 feet south of the north curb of 16th Street and concrete pavement from 8 to 12 inches had to be removed and the material taken out of pavement and same was laid on the south side of the trench and the dirt on the north side. The street at the place where

excavation was being made was approximately 26 feet from curb to curb. Owing to conditions existing, both east and west traffic on the street was confined to that portion left open for travel on the south side of said street. The injury to the plaintiff was caused by his being struck by an automobile traveling west on that portion of the south side of the street that was left open for travel. . . .

"Under the evidence in the case at bar, the evidence as to permit is not clear as no documentary evidence of permit is shown. The evidence discloses that by reason of obstructions that the south part of the street that was not obstructed was being used for both east and west traffic. It is also shown that an open driveway was left from the sidewalk into the street and that according to the evidence this open driveway was being frequently used both day and night by children and adults in crossing the street. . . .

"Trial was by jury resulting in a verdict for plaintiff in the sum of $4850. Judgment was entered in accordance with the verdict of the jury and from this judgment the defendant has appealed."

The opinion states that "we conclude that the instruction (No. 1) requires no finding of fact unsupported by evidence." If so, the instruction may be considered in determining the facts of the case. Omitting the words "if so" and similar words, the instruction follows:

"The court instructs the jury if you believe from the evidence that defendant excavated in and along said 16th Street and between White and Belmont Streets and that during the period of some weeks prior to March 8th, 1927, it caused the paving on the north side of 16th from White to Belmont to be cut and torn up and the trench in question to be excavated, . . . and that in doing said work it made the north side of 16th along said block impassable for traffic and caused the earth and material from said excavating to be deposited and left on the south side of said trench and extending within about six feet of the south curb, . . . and that near the center of said block it provided and left and tunneled under a space or opening several feet wide and extending across 16th from the north to the south curb and between said material, . . . and that there was no other north and south opening across 16th along said trench in said block, . . . and that defendant appropriated all of the vehicular way of said block along said trench except about six feet along the south curb, . . . and that by reason thereof westbound vehicles using said block were compelled to travel on their extreme left side of and in the southernmost part of 16th Street, . . . and that at the time of the alleged injury herein and over the period of some weeks prior thereto earth and material was piled south of said trench and immediately east of and within a few feet of said opening or space as it neared the south curb, . . . and was five to six feet or more high, . . . and that said opening and said material were maintained unlighted and dark, . . . and that over said pe-

riod large numbers of children and the public in great numbers, . . . daily and nightly used said opening or space in crossing 16th, . . . and that in the aforesaid respects defendant dangerously and unreasonably and unnecessarily and negligently, . . . obstructed said street and at said opening rendered it unusually difficult for westbound drivers and southbound pedestrians in said opening and plaintiff and said westbound driver to timely see each other approaching the point of said alleged injury, . . . and that defendant created and so maintained said obstructions, . . . with knowledge of all the foregoing facts, . . . and that under all the foregoing circumstances, . . . it was the duty of defendant in exercising ordinary care toward plaintiff and the public crossing southwardly along said opening to have placed a watchman or person there to direct and control westbound traffic or warn persons crossing southwardly along said opening of approaching traffic, . . . and that defendant failed to use ordinary care so to do, . . . and that by so appropriating and obstructing said street as aforesaid, . . . and in all the aforesaid respects defendant was guilty of negligence, . . . which directly caused or directly contributed to and directly helped to cause plaintiff to be struck and injured by said westbound car, . . . and that plaintiff at all times used ordinary care, then your verdict must be for plaintiff and against defendant Kansas City Gas Company.''

 Relator challenges the above statement of facts as incorrect and not understandable. We have many times ruled that, on certiorari for conflict, the Court of Appeals determines the facts. It is not an open question.

In substance the petition alleged that plaintiff's injuries were caused by the negligence of the defendant in making the excavation for the gas main; that in doing so defendant unnecessarily obstructed the street and did not barricade, guard and light the obstructions; that it left an opening through the obstructions, thereby inviting persons, including children, to cross the street at said point; that it provided no warning of danger to persons crossing the street through the opening; that it did not warn westbound motorists that persons crossed the street through said opening, and that it failed to direct westbound automobile traffic approaching said opening. ''The defendant joined issue by general denial and plea of contributory negligence.''

 It is contended that Instruction No. 1 directed the jury, as a matter of law, that it was the duty of defendant to provide a watchman at the opening through the obstructions to direct traffic and warn persons crossing the street at said point, and for this reason the opinion conflicts with Homan v. Mo. Pac., 334 Mo. 61, 64 S. W. (2d) 617; Toeneboehn v. Railroad, 317 Mo. 1096, 298 S. W. 795; Stid v. Railroad, 236 Mo. 382, 139 S. W. 172.

The instruction did not so direct the jury. It required a finding that, under all the circumstances, it was the duty of defendant to provide such watchman. It must not be understood that, on this review for conflict, we are ruling that the railroad crossing watchman rule applies to a public street. That question is not for consideration.

It also is contended that the petition does not allege negligent failure of defendant to have a watchman at the opening to direct westbound traffic, and for that reason the opinion is in conflict with ''a long line of decisions of this court that the instruction must follow the allegations of the petition.''

Even if the petition contains no such allegation, the instruction does not authorize a verdict unless the jury also find that defendant unnecessarily and negligently obstructed the street. In other words, defendant cannot complain of this additional burden on the plaintiff. [McIntyre v. Railroad, 286 Mo. 234, 227 S. W. 1047, l. c. 1052.]

It also is contended that the opinion is in conflict with Payne v. Chicago & Alton Railroad Co., 136 Mo. 562, 38 S. W. 308, for the reason that plaintiff was guilty of contributory negligence as a matter of law.

On the issue of contributory negligence we find in the opinion only a statement as follows:

''The defendant as to its point one, cites Hanna v. Helm et al. (Mo. App.), 281 S. W. 103. As we conclude, that the evidence does not justify a ruling that the plaintiff was guilty of contributory negligence as a matter of law, the cause is not in point under the evidence in this case.''

Thus it appears that the Court of Appeals did not state the facts on which the ruling is based. In this situation we cannot determine the question of conflict.

It also is contended that the opinion is in conflict with Stanley v. Union Depot et al., 114 Mo. 606, 21 S. W. 832.

In that case plaintiff sought recovery on negligent obstruction of the street, as such, and negligent limitation of access to the bridge (over the steam railroad tracks) to an opening in the obstruction, which bridge was a continuation southward of the street. It was neither alleged nor proven that the opening through the obstruction was used by the public to cross the street at that point.

In the instant case plaintiff sought recovery on negligent obstruction and negligent failure of defendant to warn westbound motorists of the use of the opening in the obstruction by the public to cross the street, and the negligent failure of defendant to warn pedestrians crossing the street at that point of the danger of approaching westbound automobiles. The cases are distinguishable on both the pleadings and the proof.

The writ should be quashed. It is so ordered. All concur.