**PALMER  v.  LASSWELL et al.**

No. 7214.

Springfield Court of Appeals.

Missouri.

April 22, 1954.

Esco V. Kell, West Plains, for defendant-appellant, Lee Lasswell.

Green & Green, West Plains, for plaintiff-respondent.

STONE, Judge.

Plaintiff, Mrs. Lola B. Palmer, sought by her petition in this action to recover damages of $10,000 from defendants, Lee Lasswell, R. G. Collins and Mrs. R. G. Collins, for injuries alleged to have been sustained in a vehicular collision on April 20, 1951. Upon motion to dismiss at the close of plaintiff's evidence, the jury was directed to return, and did return, a verdict for defendants Collins. The trial thereafter continued with Lasswell as sole defendant; and, at the conclusion thereof, the jury returned a verdict of $500 against him. From the judgment entered thereon, defendant Lasswell has perfected this appeal.

Plaintiff was riding as a passenger in a 1938 Plymouth automobile, then being driven by her husband in a Northerly direction on the blacktop roadway of U. S. Highway No. 63 inside the corporate limits of West Plains, Missouri. Mrs. Collins, driving a 1950 Ford, turned onto Highway 63 "quite a ways" North of the point of accident and traveled in a Southerly direction to the intersection of Highway 63 and Third Street, where she stopped, headed South, on her right-hand or West side of

the highway, while she waited for approaching North-bound vehicles (including the Palmer automobile) to pass before she made a left-hand turn to the East onto Third Street. Defendant Lasswell, who was driving a 1948 Ford truck in a Southerly direction on Highway 63 behind the Collins automobile, ran into the rear end of the Collins automobile after it had stopped, knocking the Collins automobile "possibly 80 feet down the road" and over an embankment into a yard on the West side of the highway. Within a split second after the initial impact with the standing Collins automobile, the South-bound Lasswell truck collided with the North-bound Palmer automobile, in which plaintiff was riding. Plaintiff's husband said that his automobile was struck "right behind the driver's seat". Defendant Lasswell described the impact as a "scraping blow".

There was a sharp conflict in the testimony as to the speeds of the Palmer automobile and the Lasswell truck and as to whether the collision between those vehicles occurred on the East or West side of Highway 63. Plaintiff and her husband said that they were driving in a Northerly direction at a speed of 15 to 20 miles per hour on their right-hand or East side of the highway, when the approaching Southbound Lasswell truck, traveling (as plaintiff's husband said) at "a terrific speed, about 65 to 70 miles an hour", ran into the rear end of the standing Collins automobile, came across the center line of the highway, struck the Palmer automobile, and knocked it about 64 feet. Although she did not see the actual impact between the Palmer automobile and the Lasswell truck, Mrs. Collins (who was called by plaintiff's attorneys during their case in chief) said that, after stopping on her right-hand or West side of the highway to wait for approaching North-bound vehicles to pass, she "heard Lasswell's truck"; that, when she then observed in her rear vision mirror the Southbound Lasswell truck some 50 to 60 feet behind her, it was traveling at a speed of 50 to 55 miles per hour; and, that the North-bound Palmer automobile then was on its right-hand or East side of the highway traveling at a speed of 15 to 20 miles per hour.

The official report of the Missouri State Highway Patrol, received in evidence without objection, shows the following statement by defendant Lasswell: "Well, the (Collins) Ford stopped in front of me and I hit it and bounced over into the side of the other (Palmer) car." Sergeant Clyde Brill of the Highway Patrol, who investigated this accident, testified that he found skidmarks, 49 feet in length, which "followed the (Lasswell) truck down to where it was sitting" (although the location of those marks with respect to the center of the highway was not shown in evidence); that, "at the scene of any accident the dirt, etc., falls from the bottom of the cars to indicate fairly close to the point of impact"; and that, from an examination of the dirt, glass and debris on the highway, the point of accident was "possibly 2 feet" on the East side of the center. We are not here concerned with the admissibility of this testimony by witness Brill, since no error with respect thereto is assigned on this appeal; but, as to the competency of such testimony, the curious may be interested in examining Hamre v. Conger, 357 Mo. 497, 209 S.W.2d 242, 247–249(9, 10).

Defendant Lasswell's explanation of the accident was that "I applied my brakes to stop about the time she (Mrs. Collins) did and there was a little bit of clay on the pavement and I scooted just enough to bump her car and it scooted down in * * * Marvin somebody's yard"; and that, "after I bumped this car—Palmer was watching this car in front of me and deliberately run behind them and into the left front wheel of my truck". Lasswell said that, when he applied his brakes, he was traveling about thirty miles per hour. He estimated the speed of the Palmer automobile at "beyond 60 miles an hour" and insisted that, at the time of collision, the left front wheel of the Lasswell truck was "just about 18 inches" West of the center of the highway.

Plaintiff, about 61 years of age at the time of accident, testified that she was in bed two weeks following the collision, at home six weeks before she undertook to work, and at home another two weeks when she found that she was unable to return to work. Her work, other than as a housewife, is indicated to have been "book work" for her husband, a plumber. Dr. E. C. Bohrer of West Plains examined and attended plaintiff immediately following the accident and on several subsequent dates; and, at Dr. Bohrer's suggestion, plaintiff went to Springfield for examination by Dr. Robert D. Duncan on May 17, 1951. Dr. Duncan detailed in evidence the various symptoms and conditions then present, including pain and soreness in the left chest, left knee, left arm and right thigh, "some thickening, soreness and swelling in the left breast", "slight discoloration in the region of the left elbow", "several thickened, firm areas" on the anterior aspect of the right thigh, a laceration on the left side of the head, and general body bruises. X-ray examination revealed generalized arthritis "of fairly long standing".

Re-examination by Dr. Duncan on December 20, 1952, showed "callus formation about the anterior portions of the first, third and fifth ribs on the left", and Dr. Duncan expressed the definite opinion that there had been fractures of those ribs which, however, had not been discovered in his previous examination on May 17, 1951. The examination of December 20, 1952, showed the same generalized arthritic condition. Plaintiff had "continued complaints of soreness in the left chest and breastbone area", "soreness in her left knee * * * when she was up and about too much", and "occasional soreness in right thigh and in the left shoulder". There was still "some limitation of motion of the left shoulder".

According to Dr. Duncan, plaintiff's arthritic pain was "pretty well localized * * in the left shoulder and knee" at the time of his examinations, and "it looks as though there was some aggravation as a result of the injury in those areas"; and, Dr. Bohrer said that the accident "most probably" ag-

gravated plaintiff's pre-existing arthritis. Both doctors agreed that traumatic aggravation of plaintiff's arthritis might result in pain and suffering for an indefinite period. When the case was tried on January 30, 1953, more than twenty-one months after the date of accident, plaintiff testified that her chest "still hurts".

■ Of course, we must here consider the evidence in the light most favorable to the verdict below, must give plaintiff the benefit of every favorable inference which the evidence tends to support, and must disregard defendants' evidence unless it aids plaintiff's case. Smith v. Siedhoff, Mo., 209 S.W.2d 233, 234(1); Williamson v. St. Louis Public Service Company, 363 Mo. 508, 512–513, 252 S.W.2d 295, 297(1); Sollenberger v. Kansas City. Public Service Co., 356 Mo. 454, 462, 202 S.W.2d 25, 29(2).

■ Upon appeal, defendant assigns error in that "the evidence was insufficient under the law to support the verdict", in the giving of plaintiff's Instructions A and G, in the refusal of defendant's Instruction 7, and in the admission of two kodak pictures, Plaintiff's Exhibits 1 and 2. Defendant's assignment of error that "the evidence was insufficient under the law to support the verdict" is a complaint that the verdict was against the weight of the evidence. Arnold v. Haskins, 347 Mo. 320, 147 S.W.2d 469, 471–472(3), and cases there cited. "To say that there is an insufficient amount of evidence implies that there is some evidence, and therefore to say 'that the evidence is insufficient to support the verdict' can be construed as meaning that there is some evidence, but not enough in the light of the evidence, to the contrary to support the verdict". Gates v. Dr. Nichols' Sanatorium, 331 Mo. 754, 55 S.W.2d 424, 425; Cf. Ponyard v. Drexel, Mo.App., 205 S.W.2d 267, 271; Schreiner v. City of St. Louis, Mo.App., 203 S.W.2d 678, 680(5). But, the weight of the evidence is ordinarily for the trial court; and, "Cases are, indeed, rare wherein an appellate court can or should say that a trial court abused its discretion in not granting a new trial for the reason that

the verdict was against the weight of the evidence". Reger v. Nowotny, Mo., 226 S.W.2d 596, 598(7), and cases there cited. Upon the evidence hereinbefore reviewed, it is clear that defendant's assignment that "the evidence was insufficient under the law to support the verdict" must be ruled against him.

■ Defendant's *sole* complaint about plaintiff's Instruction A is that it "completely ignored her allegations in her petition" or, as is otherwise stated in the general language of defendant's brief, "it was error to instruct the jury beyond the allegations of the petition". Instruction A is quite long and need not be set out here. By the first portion of this instruction, the jury was told that Mrs. R. G. Collins was not negligent in the operation of her automobile if the jury found all of the facts there hypothesized, including (among others) that, as she had slackened speed, Mrs. Collins had given notice with a directional signaling device (as she testified that she had done) of her intention to make a left-hand turn from Highway 63 onto Third Street. By the latter portion of Instruction A, the jury was told that, upon the finding of certain facts in addition to those hypothesized in the first portion of the instruction dealing with the negligence of Mrs. Collins, a verdict should be returned for plaintiff and against defendant Lasswell. There is no complaint here either that the facts hypothesized in the first part of Instruction A were insufficient to permit a finding that Mrs. Collins was not negligent, or that the facts hypothesized in the entire instruction were insufficient to permit a finding that defendant Lasswell was negligent, or that Instruction A was broader than, or not supported by, the evidence; but, we are asked to rule that the giving of Instruction A constituted reversible error *solely* because the first part of this instruction hypothesized facts permitting a finding that Mrs. Collins was not negligent in the operation of her automobile, whereas plaintiff had, in her petition, alleged that Mrs. Collins was negligent in stopping her automobile "without giving adequate warning of her intention so to do".

■ Direction of a verdict for defendants Collins on their motion to dismiss at the close of plaintiff's evidence is not attacked on appeal, and the propriety of that ruling is not before us. However, although Mrs. Collins went out of the case as a party defendant at the close of plaintiff's evidence, defendant Lasswell *thereafter* raised by his testimony, and submitted to the jury by defendant's Instruction 1, as he had a right to do under the circumstances of this case, Gableman v. Bolt, 336 Mo. 539, 80 S.W.2d 171, 174, the issue as to whether Mrs. Collins had been negligent in the operation of her automobile and, if so, whether such negligence on her part was the sole cause of the impact between the Palmer automobile and the Lasswell truck.

■ On the other hand, although it was essential for plaintiff to show, in order to recover against defendant Lasswell, that Lasswell had been guilty of negligence proximately causing plaintiff's injuries, it was *not* necessary to such recovery against defendant Lasswell for plaintiff to establish, or for the jury to find, that Mrs. Collins was *not* negligent in the operation of her automobile. For, it is axiomatic that a defendant may be held in negligence even though his negligence may concur with the negligence of others to result in plaintiff's injury. Domitz v. Springfield Bottlers, 359 Mo. 412, 221 S.W.2d 831, 833(6); Charlton v. Jackson, 183 Mo.App. 613, 167 S.W. 670, 671(1). Thus, by Instruction A given at plaintiff's request, which required the jury, in order to return a verdict for plaintiff, not only to find the hypothesized facts upon which the negligence of defendant Lasswell was predicated but also to find the hypothesized facts upon which Mrs. Collins might be exonerated from negligence, plaintiff patently assumed an unnecessary and additional burden.

■ It is well established that the giving of an instruction broader than the peti-

tion, which submits *in the conjunctive* an additional ground for negligence or issue not essential to plaintiff's recovery, does not constitute reversible error and that defendant will not be heard to complain thereof on appeal, since defendant is not prejudiced by plaintiff thereby having assumed an unnecessary and additional burden. Guthrie v. City of St. Charles, 347 Mo. 1175, 152 S.W.2d 91, 98–99(12); State ex rel. Kansas City Gas Co. v. Shain, 345 Mo. 233, 132 S.W.2d 1015, 1017(4), quashing certiorari Suddath v. Kansas City Gas Co., 234 Mo. App. 527, 123 S.W.2d 589, 593(5); McIntyre v. St. Louis & San Francisco Ry. Co., 286 Mo. 234, 227 S.W. 1047, 1052(9), certiorari denied 255 U.S. 573, 41 S.Ct. 376, 65 L.Ed. 792; Foster v. Kurn, 236 Mo.App. 1149, 163 S.W.2d 133, 138–9(13). For the same reason, it has been held that reversible error is not committed by the giving of an instruction broader than the evidence in that it submits *in the conjunctive* an unsupported issue, Wilday v. Missouri-Kansas-Texas Ry. Co., 347 Mo. 275, 147 S.W. 2d 431, 434(2, 3), an unsupported hypothesis, Blittschau v. American Car & Foundry Co., Mo.App., 144 S.W.2d 196, 198(3), or an unsupported fact, State ex rel. and to use of Kibble v. First Nat. Bank of Milan, Mo. App., 22 S.W.2d 185, 193(19), unnecessary to plaintiff's recovery; and, that defendant cannot complain of an instruction which broadens the issues in his favor by requiring a finding on both plaintiff's and defendant's theories of the case. McDonnell v. Cornelison, Mo.App., 25 S.W.2d 558, 562 (5). In this connection, see and compare also Phegley v. Graham, Mo., 215 S.W.2d 499, 503–504, 6 A.L.R.2d 382; Schneider v. Dubinsky Realty Co., 344 Mo. 654, 127 S.W.2d 691, 695(8); Berry v. Kansas City Public Service Co., 341 Mo. 658, 108 S.W. 2d 98, 102–103(2, 5); O'Brien v. Rindskopf, 334 Mo. 1233, 70 S.W.2d 1085, 1091(6); McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S.W.2d 37, 39(4); Barr v. Nafziger Baking Co., 328 Mo. 423, 41 S. W.2d 559, 563(8); and, McCamley v. Union Electric Light & Power Co., Mo.App., 85 S.W.2d 200, 201(1).

If, by Instruction A, the jury was instructed "beyond the allegations of the petition", as defendant Lasswell contends, nevertheless under the circumstances of the instant case he could not have been prejudiced by plaintiff having assumed thereby the unnecessary and additional burden of requiring a finding that Mrs. Collins was not negligent in the operation of her automobile; and, on the sole complaint leveled at Instruction A upon this appeal, we cannot find that reversible error was committed by the giving of said instruction. Section 512.160, subd. 2, RSMo 1949, V.A.M.S.

Defendant Lasswell complains about the giving of plaintiff's Instruction G because it permitted the jury, in determining the damages to be awarded plaintiff, to take into consideration future pain and suffering when, as defendant asserts, "there was no testimony * * * that plaintiff would suffer in the future." It is settled "that such an instruction may be based upon the testimony of the plaintiff alone and that it is unnecessary to corroborate it by medical evidence", Brown v. Campbell, 240 Mo.App. 182, 219 S.W.2d 661, 662, 662(1); Johnston v. Owings, Mo. App., 254 S.W.2d 993, 998(13); and, it has been held also that proof of suffering at the time of trial, even though such proof be independent of and in conflict with medical evidence on the question of permanency (which, in the instant case, it was not), makes "a situation where it [is] for the jury 'to determine the probable duration of the injury.'" Hutchison v. Moerschel Products Co., 234 Mo.App. 518, 133 S.W. 2d 701, 705–706(9), and cases there cited. The testimony in the instant case pertaining to plaintiff's injuries, pain and suffering, when considered in the light of the cited authorities, impels the conclusion that the trial court did not err in giving plaintiff's Instruction G.

Defendant's Instruction 7, the refusal of which is assigned as error, was a cautionary instruction to the effect that "if the physical facts as shown by the evidence in this case, and your common observa-

tion and experience, are in conflict with and contrary to the testimony of any witness in this case, then you may take into consideration such physical facts and common observation and experience and disregard the testimony of any witness which is in conflict therewith or contrary thereto". Although so-called "physical facts" instructions were given by the trial court in the cases cited by defendant, Roush v. Alkire Truck Lines, Mo., 245 S.W.2d 8, 12–13 (8–10); Steinmetz v. Nichols, 352 Mo. 1047, 180 S.W.2d 712, 716(4); Mueller v. Schien, 352 Mo. 180, 176 S.W.2d 449, 455(21), our Supreme Court reiterated, in two of those cases, Roush v. Alkire Truck Lines, supra, 245 S.W.2d loc. cit. 13(9); Mueller v. Schien, supra, 176 S.W.2d loc. cit. 454(16), the well-established rule that the giving of cautionary instructions is a matter largely within the discretion of the trial court. "'Even proper cautionary instructions are not a matter of right. They are discretionary with the court'". Arno v. St. Louis Public Service Co., 356 Mo. 584, 202 S.W. 2d 787, 789(5); Larey v. Missouri-Kansas-Texas R. Co., 333 Mo. 949, 64 S.W.2d 681, 685(6). Irrespective of whether Instruction 7 is in proper form and language (a question which need not be and is not de-

termined), it seems plain to us that, upon the record in this case, we could not convict the trial court of an abuse of discretion for refusal of this instruction. This assignment of error must be ruled against defendant.

■ Finally, defendant Lasswell asserts that "it was error to admit in evidence plaintiff's exhibits 1 and 2 (kodak pictures of the Palmer automobile) * * * for the reason that the exhibits did not show the complete left hand side of the automobile in which plaintiff was riding and was not representative of true facts". However, no authority has been cited in support of this contention, and it has been neither briefed nor argued. Accordingly, this assignment must be deemed to have been abandoned. Warinner v. Nugent, 362 Mo. 233, 240 S.W.2d 941, 945(7), 26 A.L.R. 2d 278; Merrick v. Bridgeways, Inc., 362 Mo. 476, 241 S.W.2d 1015, 1019(7).

It appearing that reversible error was not committed in any respect assigned and presented to us on appeal, the judgment for plaintiff should be and is affirmed.

McDOWELL, P. J., and BLAIR, J., concur.